## In re THURSTON.
### No. 279.

Circuit Court of Appeals, Second Circuit.
April 6, 1931.

---

Single & Hill, of New York City (Forrest E. Single, of New York City, of counsel), for appellant.

William F. Purdy, of New York City (John E. Purdy, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Appellant's barge sank in the New York State Barge Canal. A marine insurance policy covering the barge provided that in the case of loss a survey should be made by surveyors, one appointed by each party, and, if they failed to agree, an umpire might be appointed pursuant to the United States Arbitration Act, § 5 (9 USCA § 5). An umpire was appointed by the court. After a consideration, he made specifications of the work required to repair the damage and stated how it should be done. The appellant moved to direct him to amend his report, and the appellee moved for a confirmation of the report as made. The order appealed from con-firmed the report, but struck out therefrom the following paragraph: ·

"It is the opinion of the undersigned that the reasonable cost of foregoing recommended repairs will not exceed the sum of $5,889.-40, which is the actual financial loss which the assured has suffered by reason of damage sustained in the disaster for which the surveys were made."

The appellant complains of the order confirming the report as modified.

The clause of the policy providing for the appointment of the umpire reads:

"If the surveyor appointed by these Insurers cannot agree with the surveyor appointed by the Assured upon an umpire, either party hereto may apply to the United States District Court for the District in which the home port of the vessel insured hereunder is located, for the appointment of an umpire pursuant to the United States Arbitration Act. The surveyors, or the umpire, if it shall become necessary to name one, shall make specifications in writing, clearly stating both the amount of work and the manner in which it shall be done to make said vessel good in respect of any damage caused by the disaster. * * * Such specifications shall be binding both upon the assured and these Insurers as to the extent of damage and the manner in which the work shall be done, subject, nevertheless, to the policy terms and conditions and the question of whether or not the disaster and resulting loss or damage are covered by this policy."

In this manner, the parties to the policy of insurance in dispute, as to naming the umpire, agree to take advantage of section 5 of the United States Arbitration Act (section 5, title 9, U. S. Code [9 USCA § 5]) by petitioning the District Court to appoint one. His duty was to determine the amount of the work and the manner in which it should be done and his determination, to be binding on both parties. By the stipulation of the parties, he was to make no award fixing the amount of damages. His report was solely for the purpose of determining how the repairs should be carried out, and had nothing to do with the amount of the ultimate liability. The specifications were to be binding as to both the assured and the insurer, "subject, nevertheless, to the policy terms and conditions and the question of whether or not the disaster and resulting loss or damage are covered by this policy." Other provisions of the United States Arbitration Act were not made applicable by the parties.

■ They did not stipulate for arbitration under this act. But the court confirmed by order a report which recited the appointment of the umpire, the fact that a survey was made of the barge and the repair specifications noted, and recommended the various repairs to be made. No judgment could be entered on this report. Under the United States Arbitration Act § 8 (9 USCA § 8), provision is made for the entry of a decree upon the award "if the basis of jurisdiction be a cause of action otherwise justiciable in admiralty," and "the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings." By section 9 of the act (9 USCA § 9) the decree might be entered if the parties had stipulated in their policy for arbitration and that judgment of the court should be entered upon the award made pursuant to the arbitration. But here the parties did not bring their dispute within either section 8 or section 9 of the act. On the contrary, as above pointed out, they stipulated that the report of the umpire would be conclusive upon them. The other sections of the United States Arbitration Act are inapplicable here.

■ Since the policy does not substitute arbitration for a suit under it, but provides for a board to determine the facts as found here, which shall be conclusive upon the parties (American Steel Co. v. German-American Fire Ins. Co. [C. C. A.] 187 F. 730; Toledo S. S. Co. v. Zenith Transp. Co., 184 F. 391 [C. C. A. 6]; Wurster v. Armfield, 175 N. Y. 256, 67 N. E. 584; Matter of Fletcher, 237 N. Y. 440, 143 N. E. 248), there was no jurisdiction in the court below to confirm this report.

The order will therefore be reversed, with directions to dismiss the petition for confirmation of the report. In re Woerner, 31 F. (2d) 283 (C. C. A. 2).

Order reversed.