**ACE/CLEARDEFENSE,
INC., Appellant**

v.

**CLEAR DEFENSE, INC., Appellee**

Nos. 01–7125, 01–7153.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 19, 2002.

Rehearing and Rehearing En Banc
Denied Nov. 7, 2002.

Before TATEL and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was considered on the record and on the briefs of counsel. *See* D.C.Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED and ADJUDGED that the judgment of the district court is affirmed, substantially for the reasons stated in the district court's memorandum opinion of June 27, 2001.

The appellant contends that the district court erred in confirming an interim arbitration award under the Federal Arbitration Act (FAA), 9 U.S.C. § 9, which authorizes confirmation where "the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." In this case, the parties' arbitration agreement provided: "The decision of the arbitration shall be final and binding upon each party and may be enforced in any court of competent jurisdiction." That language is sufficient to satisfy section 9's requirement that the parties "have agreed that a judgment of the court shall be entered upon the award."

In *Lehigh Structural Steel Co. v. Rust Engineering Co.,* 59 F.2d 1038, 1039–40 (D.C.Cir.1932), the court held that an arbitration agreement that merely provided that an arbitrator's award was "binding" was insufficient to satisfy section 9. On the other hand, in *Revere Copper and Brass Inc. v. Overseas Private Investment Corp.,* 628 F.2d 81 (1980), we stated that an agreement that provided that an award "shall be *final and binding* upon the parties" was sufficient. *Id.* at 82 (emphasis added) (internal quotation marks omitted); *see id.* at 84. The agreement in this case goes further than that in either *Lehigh* or *Revere,* providing that the arbitrator's award "shall be *final and binding* upon each party *and may be enforced in any court* of competent jurisdiction" (emphasis added).

We also conclude that the district court did not err in confirming the award despite its interim nature. Section 9 speaks of an arbitration "award," not a "final award." More important, in this case, the interim award is a preliminary injunction, and confirmation of the injunction is necessary to make final relief meaningful. *See Yasuda Fire & Marine Ins. Co. v. Cont'l Cas. Co.,* 37 F.3d 345, 348 (7th Cir.1994) (stating that interim relief aimed at preserving assets necessary to make final relief meaningful constitutes an "award" under the FAA); *Pacific Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.,* 935 F.2d 1019, 1023 (9th Cir.1991) (holding that "temporary equitable orders calculated to preserve assets or performance needed to make a potential final award meaningful

... are final orders that can be reviewed for confirmation and enforcement by district courts under the FAA").

The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41(a)(1).