BRUCE JOHNSON v. VILLAGE OF PLYMOUTH
AND OTHERS.

161 N. W. (2d) 306.

August 16, 1968—No. 41,425.

*Howard, LeFevere, Lefler, Hamilton & Pearson* and *Herbert P. Lefler,* for appellants.

*William Merlin* and *William Merlin Law Firm,* for respondent.

OTIS, JUSTICE.

This matter is before the court on a motion by plaintiff to dismiss the defendants' appeal. Defendants have countered with a petition for a writ of prohibition or for leave to secure a discretionary review under Rule 105, Rules of Civil Appellate Procedure.

This action has been brought to recover damages arising out of plaintiff's discharge from his position as a police officer with the village of Plymouth. The issues are (1) the appealability of orders appointing a representative of the village to sit on a review panel for the purpose of making findings and recommendations prescribed by Minn. St. 179.57, subd. 4; and (2) whether the defendants are entitled to a writ of prohibition restraining the district court from enforcing the orders referred to or (3) in the alternative, whether the court should grant defendants a right of discretionary review pursuant to Rule 105.

On March 11, 1968, the village adopted a resolution suspending plaintiff and directing the village attorney to investigate and prepare formal charges against him, as well as authorizing a hearing. A further resolution was adopted on April 8, 1968, dismissing plaintiff from service. Thereupon, the president of the municipal employees' union advised the village that the union had appointed a representative to act as a member of an adjustment panel to review plaintiff's discharge. He also asked the village

to select its own representative pursuant to §§ 179.57 and 179.571 of the Public Employees Labor Relations Act. The village acknowledged the request but declined to participate. It alleged that plaintiff was employed at the pleasure of the village and that the controversy did not involve a "grievance arising out of the interpretation of or adherence to terms and conditions of employment" within the meaning of § 179.571. Pursuant to the terms of § 179.57, the union then requested the district court to appoint a representative for the village which the court proceeded to do. On May 3, 1968, a formal order was entered, the relevant provisions of which are as follows:

"The appointment by this Court of a panel member to represent the Village of Plymouth pursuant to M.S.A. §§ 179.57 and 179.571 is hereby stayed until May 10, 1968, at 9:00 o'clock A. M., to permit the Village to appoint its own representative. If such appointment is made by the Village by that time, the Court's previous appointment will be revoked; if not, the appointment will be confirmed.

"Said appointment, whether by the Court or by the Village, shall constitute, also, an appointment pursuant to M.S.A. § 572.10, so that the panel shall follow procedures of the Uniform Arbitration Act."

The village having failed to act by May 10, a second order was entered as follows:

"Frank J. Collins is hereby reconfirmed and appointed to represent the Village of Plymouth on a review panel to determine the propriety of the 'discharge' of Plaintiff as a police officer of said Village. The appointment is made pursuant to M.S.A. §§ 179.57, 179.571 and 572.10; and the panel shall follow the procedures of the Uniform Arbitration Act. The two present panel members shall appoint a third; or, if they are unable to reach agreement thereon, they shall make application to this Court for appointment of the third member."

It is from these two orders that the village appeals.

■ In response to plaintiff's motion to dismiss the appeal, the village argues that the orders may be reviewed under Rule 103.03(d) and (f).[1]

---

[1] The applicable portions of Rule 103.03, Rules of Civil Appellate Procedure, are as follows: "An appeal may be taken to the Supreme Court:

The question then is whether orders appointing a representative to a review panel and directing the panel to follow the procedures of the Uniform Arbitration Act, Minn. St. c. 572, constitute "an order involving the merits of the action or some part thereof" or "an order which, in effect, determines the action and prevents a judgment from which an appeal might be taken." We hold the appeal does not come within the purview of any of these provisions of the rules and therefore must be dismissed.

The village earnestly argues that if these orders are not reviewable it has no appellate remedy since there is no other route by which the issues presented to the panel may be scrutinized by this court. Nevertheless we are of the opinion the orders here for consideration neither involve the merits of the action nor determine it. Clearly, the appointment of arbitrators or representatives on a review panel and a direction to follow the Uniform Arbitration Act are preliminary steps which may or may not lead to an award. No authority is cited to support the appealability of such an order.[2] We do not decide whether the findings and recommendations which will result from the hearings of the review panel are appealable, but we are of the opinion these appeals are premature since it may well be that the findings and recommendations are favorable to the village. Even if they are not, however, there is no provision in the statute for enforcing them, and they impose no legal obligation on either party beyond taking such action as may be deemed appropriate.

■ What has been said with respect to the right to appeal under Rule 103 is equally applicable to defendants' motion for a writ of prohibition and for leave to appeal under Rule 105. There is no showing that the court was without jurisdiction or that defendants are exposed to any irreparable damage by orders which merely implement a public employee's right to review under the Labor Relations Act. We are, therefore, not dis-

---

\* \* \* \* \*

"(d) From an order involving the merits of the action or some part thereof;

\* \* \* \* \*

"(f) From an order which, in effect, determines the action, and prevents a judgment from which an appeal might be taken."

[2] Laufman v. Hall-Mack Co. 215 Cal. App. (2d) 87, 29 Cal. Rptr. 829, 94 A. L. R. (2d) 1068; Annotation, 94 A. L. R. (2d) 1071.

posed to entertain an appeal at this stage of the proceedings, but intimate no opinion as to the appealability of adverse findings and recommendations of the review panel under Minn. St. 179.57, subd. 4.

Defendants' petition for a writ of prohibition and for leave to secure a discretionary review is denied, and plaintiff's motion to dismiss the pending appeal is granted.

Appeal dismissed and petition denied.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.