## IN RE DISCHARGE OF BRUCE W. JOHNSON BY THE VILLAGE OF PLYMOUTH.

180 N. W. (2d) 184.

September 18, 1970—No. 42042.

*William Merlin & Associates, William Merlin,* and *LaMar T. Piper,* for appellant.

*Howard, LeFevere, Lefler, Hamilton & Pearson, Herbert P. Lefler,* and *J. Dennis O'Brien,* for respondent.

*Mullin, Galinson, Swirnoff & Weinberg, William E. Mullin, Eugene P. Daly,* and *Lynn Castner,* for Minnesota Civil Liberties Union, amicus curiae.

*Louis W. Claeson, Jr.,* for League of Minnesota Municipalities, amicus curiae.

*Peterson & Popovich* and *Peter S. Popovich,* for Minnesota School Boards Association, amicus curiae.

OTIS, JUSTICE.[1]

These proceedings are a sequel to Johnson v. Village of Plymouth, 281 Minn. 232, 161 N. W. (2d) 306. Plaintiff, not a veteran, was suspended from the police force of the village of Plymouth. He was first granted a hearing "under the Veterans Preference Act" and then discharged without a hearing. Thereupon, he obtained from the district court an order granting him a hearing under the procedures prescribed by the Uniform Arbitration Act. Minn. St. 572.08 to 572.30. A panel appointed for that purpose, purporting to act under Minn. St. 572.15, exonerated plaintiff as to all but one charge, directed his suspension for 2 weeks, but otherwise ordered his reinstatement with full pay.

Thereafter, plaintiff petitioned the district court for an order confirming the award. The village countered with a motion to vacate the award. The trial court denied plaintiff's motion and granted the relief sought by the village. That order provided as follows:

"1. That the motion of the said Bruce Johnson for an order confirming the arbitration award herein be and the same hereby is denied.

"2. That the arbitration award herein be and the same hereby is vacated on the grounds that the substantive provisions of the Uniform Arbitration Act are not applicable to Bruce Johnson as a public employee and for the reason that no written arbitration agreement ever existed as to this matter within the meaning of Minnesota Statutes, Chapter 572, and the issue was

not adversely determined in proceedings under Section 572.09; and, for the reason that the Village of Plymouth did not participate in the hearing herein without raising the objection; and, upon the further ground that the panel herein exceeded its powers in making the arbitration award.

"The attached memorandum is made a part hereof by reference."

We affirm and adopt the trial court's memorandum as our opinion. We do not reach the constitutional issues which were neither submitted to the trial court nor brought to the attention of the attorney general under Rule 24.04, Rules of Civil Procedure.

## "MEMORANDUM

"A concise statement concerning the background of this case may be found in the previous appeal in this case entitled *Bruce Johnson v. Village of Plymouth et al,* [281 Minn. 232,] 161 N. W. 2d 306, decided August 16, 1968. The appeal was taken from the orders of the late Chief Judge of this Court, the Honorable John A. Weeks, the interpretation of which is important to the determination of this case. The Supreme Court treated the effect of the orders as creating an adjustment panel and not a board of arbitration, in the following language [281 Minn. 235, 161 N. W. (2d) 308]:

" 'Even if they are not [recommendations which might be favorable to the Village], however, there is no provision in the statute for enforcing them, and they impose no legal obligation on either party beyond taking such action as may be deemed appropriate.'

"It is apparent from this language that the Supreme Court interpreted the inclusion of M.S.A. § 572.10 with § 179.57 and § 179.571 in the orders issued by Judge Weeks, as a means of utilizing the procedures of the Arbitration Act in the conduct of the hearing which he ordered.

"Although the foregoing language of the Supreme Court was

not necessary to the decision by the Supreme Court, it is apparent that notwithstanding the arguments presented to it, the Court treated the orders as creating an adjustment panel and not an arbitration board.

## "THE EFFECT OF THE DISTRICT COURT ORDERS

"This Court is of the opinion that all Judge Weeks intended to create was an adjustment panel, and it was only upon the suggestion of counsel for Johnson that M.S.A. Section 572.10 was included in the orders and that only for the purpose of following the procedures of the Uniform Arbitration Act. The unilateral action of the Village Council in its initial resolution specified, 'He [Johnson] should have a hearing under the Veterans Preference Act' which would have been pursuant to M.S.A. Section 197.146. However, no further reference is made to a hearing pursuant to this statute and the same could never have formed the basis for an agreement to arbitrate, assuming that arbitration can be utilized under the circumstances of this case. The initial approach for the appointment of panel members was for an adjustment panel and not a hearing pursuant to the Veterans Preference Act.

## "POWER TO DISCHARGE WITHOUT HEARING

"Under the law, the Village Council has the power to appoint and discharge without a hearing. The following statute is the authority therefor:

" 'Section 412.111 Departments, boards.

" '* * * The Council may, except as otherwise provided, remove any appointive officer or employee when in its judgment the public welfare will be promoted by the removal; * * *.'

"Judge Week's first order provided:

" '2. Said appointment, whether by the court or by the Village, shall constitute also, appointment pursuant to M.S.A. 572.10 so that the panel shall follow procedures of the Uniform Arbitration Act.'

He undoubtedly had in mind that he had no power to appoint members for binding arbitration pursuant to Section 572.10,

inasmuch as Johnson was a public employee and not subject to the substantive aspects of that chapter.

"In an appeal from an order denying plaintiff's motion to compel arbitration under Minnesota Statutes, 572.09 of the Uniform Arbitration Act, our Supreme Court, in *Layne-Minnesota Co. v. Regents of the University*, 266 Minn. 284, 287-8, 123 N. W. (2d) 371, 374, said:

" 'One of the fundamental objectives of the act [Uniform Arbitration Act] was to encourage and facilitate the arbitration of disputes by providing a speedy, informal, and relatively inexpensive procedure for resolving *controversies arising out of commercial transactions,* including the labor-management field.' (Emphasis supplied.)

"In the opinion of the [court] the latter act was not intended to be used in connection with public employees as the legislature adopted a Public Employees Labor Relations act by Laws 1965, Chapter 839, amending Laws 1951, Chapter 146 (much of which was new by Laws of 1965), being Sections 179.50 to Section 179.60, including the statutes on which the orders which are the subject of this case were issued.

"It is the opinion of the [court] that the legislature never intended that a unilateral resolution of a municipality or other unit of government would constitute a 'written agreement' under the Uniform Arbitration Act (Sections 572.08 to 572.30). Further, even if it might constitute an offer (which was withdrawn by the resolution of discharge), the action of the employee did not constitute an acceptance before its withdrawal, as the first action of the latter was to seek an adjustment panel under the Public Employees Labor Relations Act (Sections 179.50 to 179.60), and not a hearing pursuant to the Veterans Preference Act.

"Not only is this Court of the opinion that the unilateral resolution did not constitute a 'written agreement' to arbitrate which was binding upon the council, but the Court is of the opinion that by the enactment of the Public Employees Relations Act, the

legislature has established as a matter of public policy the only way in which an employee of a village may assert a grievance against the latter. The legislature has not authorized a village under these circumstances to delegate its legislative authority, and hence the arbitration board exceeded its powers in making the award which has been filed herein.

## "MERIT SYSTEMS

"It is recognized that great injustices can result from the exercise of arbitrary power by municipalities or other governmental units. Civil service or other types of merit systems commend themselves for adoption to avoid arbitrary action. Although the [court] favors merit systems providing for appropriate hearings on discharge, the legislature has determined the policy for the State of Minnesota in the form of the Public Employees Labor Relations Act, and the [court] is of the opinion that the matter of discharge is governed by that act. The sole role of the inclusion of § 572.10 of the Uniform Arbitration Act was to provide the procedure which panel members were to follow, and for no other purpose."

Affirmed.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.