## LEHIGH STRUCTURAL STEEL CO. v. RUST ENGINEERING CO.

### No. 5632.

Court of Appeals of the District of Columbia.
Argued May 2, 3, 1932.
Decided June 13, 1932.

H. Winship Wheatley and H. Winship Wheatley, Jr., both of Washington, D. C., for appellant.

Joseph T. Sherier, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This case comes here by special appeal from an order of the Supreme Court of the District of Columbia denying a motion to confirm an alleged award of arbitration under the United States Arbitration Act (9 US CA § 1 et seq.).

The Lehigh Structural Steel Company, plaintiff below and appellant here, is a Delaware corporation whose principal place of business is at Allentown, Pa.

The Rust Engineering Company, defendant below and appellee here, is a Delaware corporation; both companies being authorized and licensed to do business in the District of Columbia.

The appellee, as general contractor for the construction of an addition to the Government Printing Office in the city of Washington, on December 6, 1928, made a written contract with the appellant as subcontractor for the fabrication and erection of certain steelwork in that building for a compensation of $190,000; the steel to be of certain shapes and specifications and the work to be done within certain dates, time being of the essence of the contract.

This contract provided that controversies arising thereunder should be referred to the arbitration of three arbitrators to be selected by the parties, "the decision of any two of whom shall be binding."

Thereafter a controversy arose between the parties as to an alleged delay of the contractor in preparing for the work of the subcontractor, and other matters, which resulted in a claim for $45,000 by the subcontractor, with an admission of liability for $9,000 by the contractor.

Three arbitrators were duly appointed, who began their work on March 30, 1931, and on October 21, 1931, two of them signed and acknowledged before a notary an alleged award in favor of the appellant for the sum of $27,912.72.

The third arbitrator refused to sign this award at that time, and never thereafter signed it, while one of the two signers subsequently struck out his signature, requesting that further proof be taken as to items and amounts.

On the day the award was signed and acknowledged by the two arbitrators, it was left with the third under an agreement among them concerning which their subsequent affidavits are so contradictory that they cannot all be true.

The defendant, loser in the arbitration, declining to comply with this award, the plaintiff brought suit thereon in the Supreme Court of the District of Columbia, claiming the amount awarded, with interest, to which the defendant pleaded no valid award, and the plaintiff moved for a summary judgment, both parties filing the affidavits required by the rule of court touching such a motion.

In support of this motion the plaintiff contended below, as in this court, that the award was valid, final, and conclusive, and that the United States Arbitration Act entitled the plaintiff to a summary judgment on motion for the amount awarded.

The record filed here contains ten assignments of error presenting these contentions in varying forms, but in the view we take of the case only one need be considered; for neither the declaration nor the plea asserts any right under the United States Arbitration Act, which first appears in the record on the motion to confirm the award by summary judgment.

This motion pleads the statute, and is expressly based on section 9 thereof, which provides that "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." U. S. C., title 9, § 9 (9 USCA § 9).

But the arbitration agreement here in question contained no agreement for confirming any award by judgment of any court, summary or otherwise; the plaintiff relying for his statutory jurisdiction entirely upon the phrase of the arbitration agreement that an award thereunder should be binding.

All procedural provisions of the act deal mainly with proceedings in admiralty, in equity, or by motion, which are for decision by a judge alone, but the proviso of section 4 expressly saves trial by jury in certain fundamental questions of agreement and default, without which the constitutionality of so much of the act would be open to grave question. Capital Traction Co. v. Hof, 174 U. S. 1, 19 S. Ct. 580, 43 L. Ed. 873.

Section 9 is predicated upon an agreement of the parties not only to arbitrate their disputes, but to confirm their awards in courts which they may select if they wish, but which the statute nominates if the parties do not. In re Thurston (C. C. A.) 48 F.(2d) 578.

And the proceedings before the motions judge in this case, as indicated in the record, illustrate the difficulty of summary action in such matters, for, after considering affidavits, counter affidavits, and rebuttal affidavits of the arbitrators, the court was driven to hear oral testimony of all the arbitrators and their notary before passing on the disputed questions of fact as to what they said, and what they intended to do, when they signed and acknowledged their alleged award.

This plaintiff seeks a summary statutory process in derogation of common-law rights, procedure, and trial by jury, but such a plaintiff must bring himself clearly within his statute before he is entitled to its remedy. [3] If parties to a contract wish to have all their possible controversies thereunder decided by a layman, and summarily confirmed by a court which must confirm—except for fraud, corruption, or obvious mistake—modern arbitration statutes supply the machinery for accomplishing this end; but, where the dispute falls within the field of trial by jury, the agreement of the parties must cover the whole ground.

And when these parties were making their agreement for arbitration, it was easy enough to stipulate themselves within the statute by an agreement for judgment on motion, if they so intended; but they failed to do so.

While executory arrangements for arbitration have grown to favor in the law, they are not to be favored beyond the agreement of the parties, and we are of opinion that neither this agreement to arbitrate, nor the

Federal Arbitration Act, gave the court jurisdiction to confirm this alleged award on a summary motion, and consequently the court's order declining to do so was correct and must be affirmed, but without prejudice to the right of the plaintiff below to pursue its remedy as it may be advised, either upon the alleged award or the cause submitted.

Affirmed.