Argued March 5, affirmed May 22, 1963

# HARRELL, JR. *v.* DOVE MANUFACTURING COMPANY

### 381 P. 2d 710

*Frederick A. Jahnke,* Portland, argued the cause and submitted the brief for appellant.

*Harvey J. Osborn,* Portland, argued the cause for respondent. With him on the brief was Roscoe E. Watts, Portland.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

ROSSMAN, J.

This is an appeal by a corporation entitled Dove Manufacturing Company from a judgment of the circuit court entered upon an arbitration award in favor of one Harry E. Harrell. During the proceedings the appellant Dove Manufacturing Company was referred to as "the respondent" and Harrell as "the petitioner." For purposes of our consideration of the issues before us, we adopt those designations of the parties.

By a contract dated January 28, 1961, petitioner (Harrell) agreed to sell and respondent (Dove) agreed to buy more than fifty per cent of the common stock of the Imperial Manufacturing Company which was engaged in the production and sale of electrical heating equipment. The contract incorporated an agreement by the petitioner "not to compete in lines of endeavor related to the activities of Imperial Manufacturing Company in the States of Oregon, or Washington * * *." Also included in the contract was the following:

> "In the event of the default by any of the parties hereto, followed by denial of such default, express or implied, the question of such default shall be arbitrated pursuant to the provisions of ORS 33.210 through 33.340 by a Court appointed arbitrator, appointed pursuant to the provisions of ORS 33.250. * * *"

Under the contract a payment became due the petitioner from the respondent on January 1, 1962. Petitioner's demand for the payment was ignored, whereupon he filed in the circuit court a petition for an

order appointing an arbitrator and directing arbitration in accordance with the provision of the contract set forth above. An arbitrator was appointed and the issues were framed, petitioner praying that the contract be declared void and that he be permitted to retain as liquidated damages payments which had been made by the respondent. The respondent denied that it had breached the contract and in support of a prayer for rescission alleged as affirmative defenses fraud in the inducement and a breach of the covenant not to compete.

The arbitrator found that respondent had breached the contract in failing to make the disputed payment and that its affirmative defenses were without merit. As to the allegation of fraud, he ruled that the respondent had by its conduct ratified the contract after it had obtained actual or constructive knowledge of the alleged fraud and that it was therefore unnecessary to determine whether such fraud in the inducement actually existed. The arbitrator also found that the respondent had failed to produce evidence supporting its allegation of breach of the covenant not to compete. He thus made an award in the petitioner's favor.

Pursuant to the provisions of ORS 33.310 and 33.320, the respondent filed with the circuit court the following exceptions to the award:

"The Arbitrator exceeded his power, or so imperfectly executed it, that a mutual, final and definite award upon the subject matter submitted was not made in that no issue was submitted to the Arbitrator pursuant to the agreed statement of issues submitted by counsel hereto concerning the ratification of misrepresentations alleged by respondent with actual or constructive knowledge thereof."

"The Arbitrator awarded upon a matter not submitted to him, upon a matter affecting the merits of the decision in that no issue was submitted to the Arbitrator pursuant to the agreed statement of issues submitted by counsel hereto concerning the ratification of misrepresentations alleged by respondent with actual or constructive knowledge thereof."

In denying those exceptions the circuit court entered judgment upon the arbitrator's award. It is from that judgment that respondent (Dove) appeals.

ORS 33.320, which enumerates the permissible exceptions, reads as follows:

"Within the period specified in ORS 33.310, the party against whom an award was made may except in writing thereto for any of the following causes:

"(1) The award was procured by corruption, fraud or undue means.

"(2) There was evident partiality or corruption on the part of the arbitrators, or any of them.

"(3) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party were prejudiced.

"(4) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject-matter submitted was not made.

"(5) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award.

"(6) The arbitrators awarded upon a matter not submitted to them, unless it was a matter not

affecting the merits of the decision upon the matters submitted.

"(7) The award was imperfect in matter of form not affecting the merits of the controversy."

Upon this appeal the respondent has apparently abandoned the exceptions with which it confronted the circuit court. In their stead it has submitted the following assignments of error which, it will be noted, seek a decision by this court on the merits of the case:

"The Arbitrator erred in holding that respondent forfeited its right to rescind the contract upon the specification of fraud alleged because the respondent remained in possession and control of the assets herein involved and is still in possession and control, where respondent had knowledge or was charged with the duty of inquiry into all the facts, because the contract (Exhibit 1) placed on all of the subject matter of the contract in question in escrow with the attorney for respondent and there is no evidence in the record to show that respondent had knowledge or that any evidence was introduced from which knowledge could be inferred."

"The Arbitrator erred in holding that petitioner did not breach his covenant not to compete because there was no evidence that petitioner competed in any way with respondent."

■ We quote the following from *Jacob v. Pacific Export Lumber Company*, 136 Or 622, 297 P 848 (1931):

"It is not the province of the courts to substitute their judgment for that of an honest, impartial and competent arbitrator * * *. Neither a mistake of fact or law vitiates an award * * *."

See also, *Rueda v. Union Pacific Railroad*, 180 Or 133, 175 P2d 778 (1946) at page 168. The quoted state-

ment is in accord with the provisions of ORS 33.210 through ORS 33.340 which regulate arbitration proceedings in Oregon. The latter section provides for appeals from judgments based upon awards of arbitrators. The scope of such appeals, however, is necessarily limited by the provisions of ORS 33.320 which set forth the grounds upon which exceptions to awards may be filed with the circuit court. That section does not provide for judicial review on the merits of arbitrators' awards. This court is limited in its consideration of awards to exceptions which have been submitted to the circuit court in accordance with the provisions of ORS 33.320.

These provisions of our statute are rooted in reasons of policy. One of the primary purposes for which parties agree to arbitrate their disputes is to avoid what they fear may be costly and time-consuming litigation. See generally, Note, 63 Harv L Rev 681 (1950). It would be patently unfair to allow a party to an arbitration proceeding for which both parties have voluntarily contracted to turn the proceedings into a lawsuit in the event the arbitrator's decision is unfavorable to him. Through the provisions of ORS 33.320 our legislature has undertaken to guarantee that the proceedings will be conducted in a fair and honorable manner. It has not undertaken to authorize the courts to substitute their judgment for that of an arbitrator whose actions do not fall within the purview of that section. Were the courts to assume this privilege they would defeat the very purposes for which disputes are submitted to arbitrators. In the absence of an arbitration clause in the contract the parties are free to settle their disputes in court. But where they have contracted not to do so the courts

are authorized to interfere only where statutory grounds for such interference appear.

■ We have noted that the exceptions submitted by the respondent to the circuit court raised grounds approved by ORS 33.320. But we have also seen that it abandoned those exceptions upon this appeal in favor of two assignments of error which would necessitate a decision on the merits. Such a decision would be beyond the authority conferred upon this court by the legislature.

The judgment of the circuit court is affirmed.