[No. 254-3.    Division Three.    January 15, 1971.]

ELDON B. BRUMMETT et al., Respondents, v. THE GRANGE INSURANCE ASSOCIATION, Appellant.

*Terry A. Brooks* (of *Nashem, Prediletto & Brooks*), for appellant.

*Walter E. Weeks, Jr.* (of *Wilson & Weeks*), for respondents.

PER CURIAM.—Respondents, Eldon B. and Evelyn Brummett, brought this action to recover for the death of their two minor daughters caused by an uninsured motorist. Respondents alleged the deceased children were insureds by definition under the insured motorist supplement to a policy issued to them by appellant, The Grange Insurance Association. On February 20, 1970, respondents filed a motion for an order compelling appellant to appoint an arbitrator pursuant to the terms of the policy. Appellant countered with a motion for declaratory judgment claiming the policy did not cover the claim. The trial court without objection treated this motion as a proceeding brought under the declaratory judgment act, RCW 7.24, and entered judgment: (1) declaring that appellant is liable within the policy limits to respondents in damages for the death of the two children; and (2) appellant shall proceed to arbitrate the amount of damages. Appellant appeals, challenging the trial court's determination there was coverage under the policy and that arbitration should follow.

Respondents have now filed a motion to dismiss the appeal upon the ground the judgment appealed from is in essence simply an order compelling arbitration and hence

not a final order and not appealable, citing *Teufel Constr. Co. v. American Arbitration Ass'n*, 3 Wn. App. 24, 472 P.2d 572 (1970). We disagree. *Teufel* is distinguishable; it involved an appeal from an order denying a motion to stay arbitration proceedings.

In the instant case, the appeal is from a judgment declaring the insurance policy issued by appellant covers the incident alleged in respondents' complaint. Such declarations have the force and effect of a final judgment, RCW 7.24.010, and are reviewable on appeal, RCW 7.24.070. The portion of the trial court's order directing appellant to proceed with the arbitration is surplusage, since arbitration follows automatically if it is finally determined the policy covers the incident alleged in respondents' complaint.

The motion to dismiss is denied.