# TREPANIER, *Appellant,*
## *v.*
# WALKER, *Respondent.*

553 P2d 1062

C. S. Emmons of Emmons, Kyle, Kropp & Kryger, Albany, argued the cause for appellant. With him on the brief was Richard E. Triska, Albany.

*James C. Tait* of Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City, argued the cause for respondent. With him on the brief was Frederic D. Canning, Oregon City.

Before Denecke, Chief Justice, and McAllister, Holman, and Howell, Justices.

HOLMAN, J.

## HOLMAN, J.

Plaintiff brought an action to recover for injuries suffered in an automobile accident. She appeals from a judgment for defendant entered pursuant to a jury verdict.

Plaintiff was a passenger in a vehicle operated by her son which collided on a narrow country road with a vehicle operated by defendant which was traveling in the opposite direction. Each driver contends the other was on the wrong side of the road.

Plaintiff first assigns as error the trial court's failure to give the following requested instruction:

"When the negligence of two or more persons concurs in causing damage to another, each such person is liable for the entire damage regardless of the relative degree to which he (or she) contributed to it."

Instead of giving the above instruction, the trial court gave the following one:

"You are instructed that the plaintiff in this case is not responsible for the negligence, if any, of the driver of the automobile in which she was riding. Therefore, even if the driver was negligent in some manner which contributed to the proximate cause of the accident and injuries to plaintiff, this would not prevent plaintiff's right to recover."

Plaintiff argues that in view of the issue of negligence on the part of the driver of the vehicle in which she was riding, the court should have given the instruction regarding concurrent negligence and not just an instruction that plaintiff was not bound by any negligence of her driver.

The issue was defendant's negligence. There was no claim of contributory negligence. In another part of the instruction the jury was told that if defendant was negligent, which negligence was a cause of plaintiff's damage, then plaintiff could recover. In the instruction which the court gave and which is set out above, the jury was told, in addition, that the negligence of plaintiff's driver would not prohibit plaintiff's recov-

ery. These instructions were clear, adequate and sufficient. Plaintiff was not entitled to have the jury instructed in language of plaintiff's choice so long as the court's instruction was adequate. Furthermore, it would not have been reversible error even if neither of the above set-forth instructions had been given. *Lovins v. Jackson et al,* 233 Or 369, 382, 378 P2d 727 (1963) holds that it is not necessary to instruct about a third party's negligence, saying:

> "An instruction on this subject [third party's negligence] is proper if the trial court determines that as the case developed the jury may be uncertain on the matter. Again, whether or not to cover this with a specific instruction is ordinarily within the trial court's discretion. The court did instruct more generally that if the defendants were negligent and such negligence was the proximate cause of injury to plaintiff, and plaintiff was not himself negligent in a manner which was a contributing cause of his injury, plaintiff was entitled to recover."

Plaintiff's other assignment of error concerns the trial court's failure to give the following requested instruction:

> "I have instructed you as to the provisions of the Oregon law pertaining to the operation of motor vehicles on our highways. If you find from a preponderance of the evidence that the defendant did violate any one or more of these laws, then the defendant would be negligent as a matter of law unless the defendant produces evidence from which you could find that he was acting as a reasonably prudent person under the circumstances, *the defendant would have the burden of proving that he was acting reasonably by a preponderance of the evidence.*" (Emphasis added.)

However, the trial court did give the following instruction:

> "Now, in addition to common-law negligence, there is also statutory negligence, which consists of the violation of a law that has been passed for the safety or protection of others and which requires or forbids certain conduct on the part of a person. So when I call your attention to any statute or law, particularly in regard to the operation of motor vehicles, a violation of such a law by a party

constitutes negligence in and of itself, *unless you find from all the evidence that such party has established that he was acting as a reasonably prudent person under the circumstances.*" (Emphasis added.)

Plaintiff's contention is that her instruction should have been given because the one actually given was inadequate in that the jury was not told that if defendant was found to have violated a statute, he had the burden of proving that he was acting reasonably despite the violation. As proof of the correctness of her contention, plaintiff cites the following language from our opinion in *Barnum v. Williams,* 264 Or 71, 79, 504 P2d 122 (1972):

> "Another way of stating this is that the violation of a motor vehicle statute creates a presumption of negligence. When the evidence establishes that a party has violated a motor vehicle statute, *such a party has the burden of producing evidence* that, nevertheless, he was acting reasonably. Without such evidence the party is negligent as a matter of law. [Citation omitted.]
>
> "If the party having such burden produces no evidence of reasonable conduct or the court finds the evidence produced is insufficient to prove reasonable conduct, the court must find the party negligent as a matter of law * * *." (Emphasis added.)

The language in the instruction which the trial court gave stated that violation of a statute was negligence as a matter of law "* * * unless you find from all the evidence that such party [one violating the statute] has established that he was acting as a reasonably prudent person under the circumstances." We do not believe there is any substantial difference between requiring a person to "establish" reasonable conduct and placing upon him the "burden of proving" reasonable conduct. The burden of proof, in the sense it is used here, allocates the risk of non-persuasion. The jury was told, in effect, that if defendant violated a statute, he was negligent unless he established that despite the violation reasonable care had been used. It was a correct

statement of the law and placed upon defendant the risk of failure to persuade.

The judgment of the trial court is affirmed.