On respondent's motion to discharge attachment, filed May 26; and appellant's motion to stay discharge of attachment, filed June 18, 1976

## JACKSON, *Appellant,*

*v.*

## PENNY DUQUETTE KNITS, INC., *Respondent.*

555 P2d 201

James F. McCaffrey, Tigard, for the appellant.

Eldon M. Rosenthal, Portland, for the respondent.

McALLISTER, J.

## McALLISTER, J.

This is an action for breach of contract. Plaintiff has appealed from an order abating the action and directing the parties to proceed to arbitration as provided in their agreement. When the action was filed in the trial court, plaintiff attached certain receivables due the defendant. After the trial court had ordered the action abated, and after plaintiff had filed notice of appeal, defendant moved the circuit court for an order discharging the attachment. The circuit court denied the motion, and defendant filed a similar motion in this court. Plaintiff countered with a motion to stay the discharge of the attachment. We deny both motions and dismiss the appeal on our own motion.

In our recent decision in *Transco Northwest, Inc. v. Allied Equities Corporation,* 275 Or 675, 552 P2d 824 (1976) we considered ORS 33.240, which directs the trial court to abate an action which involves an issue which the parties have agreed to arbitrate. We construed the statute to require the trial court to determine any necessary issues of fact as well as those of law on the question of arbitrability. We also stated that if the trial court determined that the issues were, in fact, arbitrable, it should terminate the action by judgment or decree.

Further consideration has convinced us that the second of these conclusions was wrong. The term "abate," as used in ORS 33.240, is ambiguous. Depending upon the context, it can mean, when applied to an action or suit, either temporary suspension or final termination. When construing the term in *Transco* we looked to our prior cases dealing with the proper disposition of pleas in abatement. See 275 Or at 680, note 2. We recognized there that those cases, insofar as they equate abatement with final termination of the case, may state the general rule too broadly. We now believe that our reliance on those cases in construing ORS 33.240 was misplaced. The motions now before us

have prompted us to examine the arbitration procedures of other jurisdictions, and we find that in every other jurisdiction which has a comparable provision in its arbitration statutes, a finding that the case involves arbitrable issues results in a "stay" of the action rather than its termination. The distinction is significant in a case like this one because a termination of the action would dissolve the attachment automatically. *Jesse v. Birchell,* 198 Or 393, 399, 257 P2d 255, 37 ALR2d 952 (1953); *Nichols v. Ingram,* 75 Or 439, 445-448, 146 P 988 (1915). In other jurisdictions, however, the case law indicates that the provisional remedy of attachment is available when an action is stayed pending arbitration. *See, e.g., Salvucci v. Sheehan,* 349 Mass 659, 212 NE2d 243, 245 (1965); *Ross v. Blanchard,* 251 Cal App 2d 739, 59 Cal Rptr 783, 784-785 (1967); *Auerbach v. Grand Nat. Pictures,* 176 Misc 1031, 29 NYS2d 747, 750 (1941); *Murray Oil Products Co. v. Mitsui & Co.,* 146 F2d 381 (1944). But see *McCreary Tire & Rubber Company v. CEAT,* 501 F2d 1032, 1038 (3d Cir 1974). We see no reason why, in the absence of a clear legislative direction, an agreement to arbitrate disputes should deprive the parties of the benefit of the remedy of attachment in an otherwise appropriate case.

Because the language of our statute was not clearly intended to have that result, and in view of the uniformity of the practice in other jurisdictions of granting a "stay" during arbitration, we are now convinced that our construction of ORS 33.240 in *Transco* was in error, and that "abate" in that statute should be read to mean "stay." We construe the order of abatement in the present case accordingly.

■ It follows that we must dismiss the appeal. An order staying an action while arbitration proceeds does not determine the action so as to prevent a judgment therein. ORS 19.010(2)(a). The arbitration statutes provide for entry of judgment upon the arbitration award, and for judicial review of the award if it is contested. ORS 33.310, 33.330, 33.340. Review of the

order of abatement must await the appeal authorized by ORS 33.340. See *Union Oil Co. v. Linn-Benton Dist. Co.,* 270 Or 588, 528 P2d 520 (1974); *Dlouhy v. Simpson Timber Co.,* 247 Or 571, 431 P2d 846 (1967).

*Transco Northwest, Inc. v. Allied Equities Corporation* is overruled insofar as it calls for an order of abatement which terminates the case prior to arbitration and is immediately appealable. The motions filed in this court to discharge the attachment and to stay the discharge of the attachment are denied and the appeal is dismissed.