On respondent's motion to dismiss filed July 14,
motion denied December 29, 1980,
reconsideration denied March 10,
petition for review allowed April 7, 1981 (290 Or 727)
See later issue Oregon Reports

PETER KIEWIT SONS' CO.,
*Respondent,*

*v.*

PORT OF PORTLAND,
*Appellant.*

(No. A8005-02667, CA 18146)

621 P2d 642

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

SCHWAB, C. J.

Thornton, J. dissenting opinion.

## SCHWAB, C. J.

Plaintiff filed this action in circuit court seeking an order to compel defendant to submit disputes that had arisen between them under a construction contract to arbitration pursuant to the terms of the contract. The circuit court so ordered. Defendant filed a notice of appeal. The matter is before us on plaintiff's motion to dismiss the appeal on the ground that it is taken from a nonfinal order. We deny the motion.

The question of whether a dispute should be submitted to arbitration can arise in judicial proceedings in two different ways. First, as in this case, the plaintiff can desire that a dispute be arbitrated and seek only a judicial order compelling the defendant to submit thereto. The statutory basis for such an order compelling arbitration is ORS 33.230 which provides, in part:

> "A party aggrieved by the failure, neglect or refusal of another to perform under a contract or submission providing for arbitration, described in ORS 33.220, shall petition the circuit court, or a judge thereof, for an order directing that the arbitration proceed in the manner provided for in the contract or submission. * * *"

The second way in which arbitration of a dispute can arise in judicial proceedings is defensively; that is, the plaintiff might seek a judicial remedy such as money damages, and the defendant seek to block any immediate judicial remedy by contending that all or part of the dispute should first be submitted to arbitration. The statutory basis for a defendant to so contend is ORS 33.240:

> "If any action, suit or proceeding is brought upon any issue arising out of an agreement which contains a provision for arbitration of the matter in controversy in such action, suit or proceeding, then, upon application, any judge of a circuit court, upon being satisfied that the issue is referable to arbitration, shall abate the action, suit or proceeding so that arbitration may be had in accordance with the terms of the agreement. * * *."

Despite some confusion in the earlier cases of *Transco Northwest v. Allied Equip.,* 275 Or 675, 552 P2d 824 (1976), and *Wagner v. Columbia Hospital Dist.,* 259 Or 15, 485 P2d 421 (1971), the most recent Supreme Court case of *Jackson v. Penny Duquette Knits,* 276 Or 465, 555 P2d

201 (1976), holds that an abatement order entered pursuant to ORS 33.240 is not final and thus not appealable. *See also, Brodine v. Employment Exchange, Inc.,* 33 Or App 237, 576 P2d 384, *rev den* (1978); *compare Dept. of Human Res. v. Williams,* 12 Or App 133, 505 P2d 936 (1973). The first question is whether the *Jackson* rule, articulated in ORS 33.240 context, is controlling in this case which arises under ORS 33.230.

We conclude that *Jackson* is not here controlling. An abatement order, such as was involved in *Jackson,* does not terminate a pending judicial proceeding; rather, it merely "results in a 'stay' of the action" pending arbitration of some or all of the issues raised in the action. *Jackson v. Penny Duquette Knits,* 276 Or at 468. Since there is thus a pending —albeit "stayed"— judicial proceeding after the entry of an abatement order, that order cannot in any sense be an appealable final judgment or decree within the meaning of ORS 19.010(1).[1] The question, instead, in the above-cited cases was whether an abatement order, although not a final judgment or decree, was nevertheless appealable pursuant to ORS 19.010(2)(a).[2] And, as previously stated, *Jackson v. Penny Duquette Knits, supra,* answers that question in the negative.

■ This case, arising under ORS 33.230, presents a different situation. The sole relief that the plaintiff here sought, and that the circuit court here granted, was an order compelling the defendant to submit to arbitration. The circuit court's order thus was the complete and final termination of this litigation; and, unlike the abatement

---

[1] ORS 19.010(1) provides:

"A judgment or decree may be reviewed on appeal as prescribed in ORS 19.005 to 19.026 and 19.029 to 19.200."

[2] ORS 19.010(2)(a) provides:

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."

order cases, after ordering the parties to submit to arbitration, the circuit court retained no further jurisdiction over the parties or the subject matter.[3]

■        A final judgment or decree is final if "no further action of the court is required to dispose of the cause" or if it "determines the rights of the parties so that no further questions can arise before the court rendering it" or if it "concludes the parties as regards the subject-matter controversy in the tribunal pronouncing it." *Winters et al. v. Grimes et al.,* 124 Or 214, 216-17, 264 P 359 (1928). The order that defendant submit to arbitration issued in this case determined all of the rights of the parties in regard to what was put in controversy in this proceeding by plaintiff's complaint. It was thus a final judgment within the meaning of ORS 19.010(1) and as such is appealable.

However, one passage in *Jackson v. Penny Duquette Knits* points the other way:

"The arbitration statutes provide for entry of judgment upon the arbitration award, and for judicial review of the award if it is contested. ORS 33.310, 33.330, 33.340. Review of the order of abatement must await the appeal authorized by ORS 33.340." 276 Or at 468-69.

If an order of abatement—one of the means by which parties can be ordered to submit their dispute to arbitration—can only be reviewed after the arbitration has been

---

[3] Under ORS 33.230, there may be triable issues of fact as to arbitrability as to which a party is entitled to a jury trial. That section provides, so far as relevant on this aspect of the proceeding:

"* * * If the making of the contract or submission or the default is an issue, the court or the judge shall proceed summarily to the trial thereof. If no jury trial is demanded by either party, the court or judge shall hear and determine such issue. Where such an issue is raised, any party may, on or before the return day of the notice of application, demand a jury trial of the issue, and if such demand is made, the court or judge shall make an order referring the issue to a jury in the manner provided by ORCP 51D. If the jury finds that no written contract providing for arbitration was made or submission entered into, as the case may be, or that there is no default, the proceeding shall be dismissed. If the jury finds that a written contract providing for arbitration was made or submission was entered into and there is a default in the performance thereof, the court or judge shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof."

The failure to allow defendant a jury trial here is among the issues presented in the appeal.

conducted, does it follow that the direct order to arbitrate involved in this case can only be reviewed after the arbitration has been conducted?

■     We think not. As previously stated, an abatement order does not terminate the pending judicial proceeding in which it is issued, but only results in a "stay" of it. *Jackson v. Penny Duquette Knits,* 276 Or at 468. This rule necessarily contemplates that the pending judicial action may be reactivated and proceed to judicial decision. This possibility arises from an observation made in *Rueda v. Union Pacific Railroad Co.,* 180 Or 133, 139-40, 175 P2d 778 (1946), that some contracts provide "for the arbitration of any and all disputes which may in the future arise out of" the contract, whereas there are other agreements "in which the issues for determination [by arbitration] are narrowly defined, such as value, amount of damage, compliance with specifications," etc. In other words, the issues raised in a judicial action in which an abatement order is issued can be broader than the issues that the parties have agreed to arbitrate. In such a situation, after arbitration of some issues the parties proceed to a judicial resolution of the remaining issues; only then do they have a final judgment that resolves all of their controversy.

There is, admittedly, authority for the proposition that a direct order to arbitrate such as involved in this case can only be reviewed after the arbitration has been conducted. Applying statutes similar to Oregon's, *Teufel Const. Co. v. American Arbitration Assn.,* 3 Wash App 24, 472 P2d 572 (1970), so holds. The Washington procedure in a case like this would thus be: (1) plaintiff sues defendant to compel defendant to submit to arbitration; (2) the trial court orders arbitration, which order is not then appealable; (3) the arbitration is conducted; (4) the defendant who was ordered to arbitrate can then file an objection with the court contending that the dispute should not have been submitted to arbitration, with the court's ruling on that objection then being appealable. Under this procedure, the issue raised at the last step is the same as the issue raised at the first step, except that it is the past tense version (should arbitration have been ordered?) rather than the future tense version (should arbitration be ordered?). With

all due respect to the Washington court, we find nothing attractive about this procedure.[4]

■     Instead, we find more persuasive the federal decisions like *Farr & Co. v. Cia. Intercontinental De Navegacion,* 243 F2d 342 (2nd Cir 1957), and *Continental Grain Co. v. Dant & Russell, Inc.,* 118 F2d 967 (9th Cir 1941). These decisions, based on statutes somewhat similar to Oregon's, make the same distinction we have made here: Although an abatement order made in the course of a possibly continuing action is not then final or appealable, when the only order sought and granted is an order that the defendant submit to arbitration, that order is final and appealable.

Motion denied.

**THORNTON, J.,** dissenting.

The majority concludes that where two parties enter into an agreement to arbitrate and one party subsequently refuses to arbitrate, and thereafter the circuit court issues an order under ORS 33.230 requiring the recalcitrant party to submit to arbitration, such order may be appealed immediately to this court. I cannot agree.

The leading case in Oregon is *Jackson v. Penny Duquette Knits,* 276 Or 465, 555 P2d 201 (1976), where the Oregon Supreme Court held that an order in an ORS 33.240 proceeding is not a "final order" under ORS 19.010 and is therefore not appealable.

The majority now distinguishes Section 33.230 from 33.240 and concludes that what amounts to an interlocutory appeal is permissible under ORS 33.230, even though not appealable under ORS 33.240. I find this both inconsistent and illogical. In my view appeals from these two consecutive sections of the same statute should be treated the same.

---

[4] Moreover, it is not clear whether the Oregon Supreme Court would permit the question of whether a dispute should have been submitted to arbitration to be litigated after arbitration was conducted. While that question has not been decided, *Brewer v. Allstate Insurance Co.,* 248 Or 558, 562, 436 P2d 547 (1968), states: "* * * we favor the view that confines judicial review [of arbitration decisions] to the strictest possible limits." *See also, Harrell v. Dove Mfg. Co.,* 234 Or 321, 326, 381 P2d 710 (1963).

The Washington Supreme court came to this same conclusion in *Teufel Const. Co. v. American Arbitration Ass'n,* 3 Wash App 24, 472 P2d 572 (Wash 1970), in construing their statutory scheme, which is virtually identical to the Oregon scheme.

In *Teufel,* the Washington court said that an order to arbitrate, whether entered under the statutory equivalent of ORS 33.230 or 33.240, is not final because the trial judge, under RCW 7.04.160, which is the statutory equivalent of our ORS 33.320, can vacate the award under subsection (4) if the arbitration has exceeded their power.

The federal cases as pointed out in *Teufel* are not applicable here because the federal statutory scheme is significantly different from both the Washington and Oregon schemes. I agree.

We are dealing with a comprehensive arbitration and award statute. It covers all types of disputes except "such as respect the title to real estate" and collective bargaining contracts. ORS 33.210 to 33.340.

ORS 33.310 expressly provides that a judgment based on any arbitration decision is to be entered automatically unless exceptions are filed. If exceptions are filed under ORS 33.320, then the trial judge is to hold a hearing and enter an order from which an appeal may be taken under ORS 33.340. This procedure is to be followed in either an ORS 33.230 proceeding or an ORS 33.240 proceeding.

As the Washington court pointed out in *Teufel,* an order to arbitrate, whether entered under the equivalent of ORS 33.230 or ORS 33.240, is not final because the trial judge, under RCW 7.04.160, which is our ORS 33.320, can vacate the award under subsection (4) if the arbitrators have exceeded their powers, and that "[on] appeal, appellants may challenge the trial court to entertain the arbitration proceedings for lack of a binding arbitration agreement or because the disputes are not arbitrable under the agreement."

Lastly, I find the principle involved in the present case analogous to the rule this court has regularly followed

in refusing to allow parties to short circuit the administrative process by going into court and seeking a judicial remedy before the administrative process provided by law has been completed. A prime illustration of this settled rule is found in *Klamath Co. v. Laborers Inter. Union,* 21 Or App 281, 534 P2d 1169 (1975), where Klamath County sought to obtain judicial review of a determination by the Public Employe Relations Board that the County Assessor's office constituted an appropriate bargaining unit for the purpose of electing an exclusive representative for collective bargaining. This court held that this was not a "final order" and that therefore an appeal to this court would not lie.

Further, this court pointed out that the employer, after final certification of a representative, could then raise its objections to the representation proceedings. *Accord: Hammond v. Albina Engine & Mach.,* 13 Or App 156, 509 P2d 56 (1973) (appealability of order of Workmen's Compensation Board). To the same general effect, *see Bay River v. Envir. Quality Comm.,* 26 Or App 717, 554 P2d 620, *rev den* (1976); *School Dist. No. 1, Mult. Co. v. Nilsen,* 262 Or 559, 499 P2d 1309 (1972); *Director v. So. Carolina Ins.,* 49 Or App 179, 619 P2d 649 (1980).

For the foregoing reasons, I would allow the motion to dismiss. Therefore, I respectfully dissent.