Argued and submitted May 5, reversed and remanded May 27, 1981

# PETER KIEWIT SONS' CO.,
*Petitioner,*

*v.*

# THE PORT OF PORTLAND,
*Respondent.*

(NO A8005-02667, CA 18146, SC 27607)

628 P2d 720

Elizabeth Yeats, Portland, argued the cause for petition. On the brief were John Spencer Stewart and Kobin & Meyer, Portland.

Greg McKenzie, Portland, argued the cause for respondent. With him on the brief was Wood, Tatum, Mosser, Brooke & Holden, Portland.

TONGUE, J.

Denecke, C. J., specially concurred and filed opinion.

## TONGUE, J.

The question to be decided in this case is whether an order directing the parties to proceed to arbitration in accordance with the terms of a contract is an appealable order.

Petitioner Peter Kiewit Sons' Co. (Kiewit) filed a "petition for order directing arbitration" pursuant to ORS 33.230,[1] alleging that a construction contract between it and respondent Port of Portland (Port) provided that any controversy between the parties arising out of the contract shall be submitted to arbitration according to the provisions of ORS 33.210 et seq; that claims by it against the Port totaling $4,000,000 had been denied by the Port, and that the Port had refused to submit the resulting controversy to arbitration. The petition prayed for an order directing the parties to proceed with arbitration in accordance with the terms of the contract.

The "response" by the Port admitted the making of the contract, including the provision for arbitration of any controversy arising under it, but denied the remainder of the foregoing allegations, except "as it alleges that

---

[1] ORS 33.230 is a part of the Oregon statute on arbitration, ORS 33.210 et seq, and provides as follows:

"A party aggrieved by the failure, neglect or refusal of another to perform under a contract or submission providing for arbitration, described in ORS 33.220, shall petition the circuit court, or a judge thereof, for an order directing that the arbitration proceed in the manner provided for in the contract or submission. Ten days' notice in writing of the application shall be served upon the party in default, in the manner provided for personal service of a summons. The court or judge shall hear the parties, and if satisfied that the making of the contract or submission or the failure to comply therewith is not an issue, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the contract or submission. If the making of the contract or submission or the default is an issue, the court or the judge shall proceed summarily to the trial thereof. If no jury trial is demanded by either party, the court or judge shall hear and determine such issue. Where such an issue is raised, any party may, on or before the return day of the notice of application, demand a jury trial of the issue, and if such demand is made, the court or judge shall make an order referring the issue to a jury in the manner provided by ORCP 51 D. If the jury finds that no written contract providing for arbitration was made or submission entered into, as the case may be, or that there is no default, the proceeding shall be dismissed. If the jury finds that a written contract providing for arbitration was made or submission was entered into and there is a default in the performance thereof, the court or judge shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof."

Respondent has refused to appoint an arbitrator." The response also alleged affirmative defenses, on which it demanded a jury trial, to the effect that a previous claim by Kiewit for $1,220,102 had been submitted to arbitration; that subsequent claims by Kiewit had been rejected by the Port on the ground that they were "merged" into the arbitration award on the first claim, and that under the doctrine of res judicata that award "constituted a full and complete settlement of all matters that were or could have been raised by that claim," with the result that "there is nothing left between the parties to arbitrate."

A hearing was then held in the Circuit Court for Multnomah County on the petition of Kiewit and the response by the Port. That court, after considering the pleadings and argument of the parties and after finding that "the making of the contract, and the failure to comply therewith are not an issue," ordered that "the parties hereby are directed to proceed to arbitration in accordance with the terms of their contract * * *."

A notice of appeal was filed by the Port to the Court of Appeals from that order. A motion to dismiss that appeal was then filed by Kiewit, contending that the order by the circuit court was not an appealable order. The Court of Appeals denied that motion (49 Or App 1005, 621 P2d 642 (1980)), holding that the order was an appealable order. Kiewit then filed with this court a petition for review of that decision. We allowed that petition because this question is one of importance and one of first impression with this court.

The principal contentions by Kiewit in support of its petition for review can be briefly summarized as follows:

(1) A party to a contract which requires arbitration for all controversies arising under it and who seeks to avoid arbitration may either:

(a) Refuse to arbitrate and file an action for damages or other relief, thus submitting the controversy to a court for decision.

(b) Refuse to arbitrate the controversy without filing such an action.

(2) In the event that the recalcitrant party files such an action, the other party to the contract may make an

application under ORS 33.240 requesting the circuit court to enter an order abating that action so that the arbitration may be had without further delay in accordance with the terms of the agreement.[2] Such an order has been held by this court to be *not* an appealable order in *Jackson v. Penny Duquette Knits,* 276 Or 465, 555 P2d 201 (1976).

(3) This being so, it would be incongruous for this court to hold that if, as in this case, the recalcitrant party refuses to arbitrate, but does not file such an action, forcing the other party to make application to the circuit court under ORS 33.230 for an order directing the parties to proceed with the arbitration, such an order is an appealable order, thus forcing a delay of the arbitration proceeding until that appeal can be heard and decided.

The principal contentions to the contrary by the Port were summarized by it as follows:

(1) "Persuasive federal authority supports the proposition that such an order is appealable because petitioner has obtained full relief and no further matter is pending before the trial court."

(2) "A petition to compel arbitration must be distinguished from the separate statutory proceeding to obtain an order to stay existing litigation pursuant to ORS 33.240 pending arbitration while the litigation remains before the Court. An appeal from the latter can be taken at the conclusion of the litigation."

1. *The Oregon Arbitration Statutes and Cases.*

At common law, the courts refused to enforce agreements to arbitrate controversies upon the ground that such agreements unlawfully ousted the courts from jurisdiction.[3] Statutes were then enacted to authorize

---

[2] ORS 33.240 provides:

"If any action, suit or proceeding is brought upon any issue arising out of an agreement which contains a provision for arbitration of the matter in controversy in such action, suit or proceeding, then, upon application, any judge of a circuit court, upon being satisfied that the issue is referable to arbitration, shall abate the action, suit or proceeding so that arbitration may be had in accordance with the terms of the agreement. The application shall be heard similarly to hearings on motions."

[3] See discussion in *Rueda v. Union Pacific Railroad Co.,* 180 Or 133, 143-54, 175 P2d 778 (1946).

arbitration agreements and to provide for their enforcement by the courts. In 1924 the Supreme Court of the United States sustained the validity of such a statute.[4]

The first Oregon arbitration statute was adopted in 1925 (1925 Or Laws ch 186). That statute authorized arbitration agreements and provided for the enforcement of arbitration awards by authorizing entry of judgments on such awards after exceptions on limited grounds. Such judgments were "subject to appeal to the same extent as if said judgment had been obtained after trial by a court of law." (1925 Or Laws ch 186, §§ 1, 2, 5, 7 and 9.) Although that statute (Sec 3) authorized courts to abate suits "brought upon any issues arising out of" an agreement to arbitrate (as under ORS 33.240), it did not authorize courts to issue orders directing parties to proceed with arbitration (as under ORS 33.230).

In 1929, however, that statute was amended to provide, among other things, for orders "directing the parties to proceed to arbitration" in terms substantially similar to those now provided by ORS 33.230, after a minor amendment in 1979 (See 1929 Or Laws ch 350 § 2(b) and 1979 Or Laws ch 284 § 68). The 1929 statute also amended the provision relating to appeals from judgments entered on arbitration awards in terms substantially similar to those now provided by ORS 33.340. In 1931 the statute was further amended to provide, among other things, that a party against whom an arbitration award shall have been made may, before judgment is entered on such an award, except on the ground, among others, "[t]hat the arbitrators exceeded their powers, * * *", as now provided by ORS 33.320. (1931 Or Laws ch 36 § 3).

Because that statute and those amendments were adopted in 1928, 1929 and 1931, no legislative history is available by minutes or reports of legislative committees.

This court has held in many cases that arbitration agreements are valid and enforceable by the courts.[5] In one

---

[4] *Red Cross Line v. Atlantic Fruit Company,* 264 US 109, 68 LEd 582, 44 S Ct 274 (1924).

[5] *See Rueda v. Union Pacific Railroad Co., supra,* n. 3. *See also, e.g., Jacob v. Pacific Export Lbr. Co.,* 136 Or 622, 644, 297 P 848 (1931), and cases cited therein; *Gamble et ux v. Sukut,* 208 Or 480, 302 P2d 553 (1956); *Sloan v. Journal*

of these cases, *Harrell v. Dove Mfg. Co.,* 234 Or 321, 381 P2d 710 (1963), this court said (at 326):

"These provisions of our statute are rooted in reasons of policy. One of the primary purposes for which parties agree to arbitrate their disputes is to avoid what they fear may be costly and time-consuming litigation. See generally, Note, 63 Harv L Rev 681 (1950). It would be patently unfair to allow a party to an arbitration proceeding for which both parties have voluntarily contracted to turn the proceedings into a lawsuit in the event the arbitrator's decision is unfavorable to him."

*See also Brewer v. Allstate Ins. Co.,* 248 Or 558, 562, 436 P2d 547 (1968).

This court has also considered whether orders to abate civil actions under ORS 33.240, so as to require that the parties proceed to arbitration as provided by the terms of an arbitration agreement, are appealable orders. In *Wagner v. Columbia Hospital Dist.,* 259 Or 15, 485 P2d 421 (1971), this court held that because of the unusual circumstances of that case, including the fact that plaintiff, as an employee, was not a party to the arbitration agreement between his employer and union, and plaintiff's contention that arbitration would be futile under the facts alleged by her, she could appeal from the order abating an action and compelling arbitration in that case. Again, in *Transco Northwest v. Allied Equit.,* 275 Or 675, 552 P2d 824 (1976), this court, after distinguishing *Wagner* on its facts, held that such an abatement order could be an appealable order, although the decision on that question is not entirely clear.

Finally, however, in *Jackson v. Penny Duquette Knits,* 276 Or 465, 555 P2d 201 (1976), this court held that abatement orders under ORS 33.240 are not appealable orders, saying (at 468-69) that:

"Because the language of our statute was not clearly intended to have that result, and in view of the uniformity of the practice in other jurisdictions of granting a 'stay' during arbitration, we are now convinced that our construction of ORS 33.240 in *Transco* was in error, and that 'abate' in that statute should be read to mean 'stay.'

"* * * * *

*Publishing Co.,* 213 Or 324, 324 P2d 449 (1958); *Harrell v. Dove Mfg. Co.,* 234 Or 321, 381 P2d 710 (1963), and *Brewer v. Allstate Insurance Co.,* 248 Or 558, 436 P2d 547 (1968).

"An order staying an action while arbitration proceeds does not determine the action so as to prevent a judgment therein. ORS 19.010(2)(a). The arbitration statutes provide for entry of judgment upon the arbitration award, and for judicial review of the award if it is contested. ORS 33.310, 33.330, 33.340. Review of the order of abatement must await the appeal authorized by ORS 33.340."

2. *Decisions by Other Courts.*

As previously stated, this court has not yet considered the question whether an order under ORS 33.230 directing the parties to proceed with arbitration is an appealable order. As also previously noted, the provisions of the Oregon arbitration statute (ORS 33.210 et seq) are not entirely clear and there is no helpful legislative history on this question. Accordingly, we look next for guidance to decisions by other courts which have considered the question.

It has been said, with considerable accuracy, that whether orders directing the parties to an agreement which includes a provision for arbitration of disputes arising under it to proceed with arbitration are appealable orders depends primarily upon the language of the statute in the particular jurisdiction defining appealability or describing the kinds of orders which are or are not appealable. Annot. 94 ALR 2d 1071, 1078 (1964).

Perhaps the two most distinctive lines of cases on this subject are the decisions by the federal courts under the United States Arbitration Act, 9 USC § 1 et seq, and the decisions by courts in states which have adopted the Uniform Arbitration Act, which Oregon has not adopted. The Court of Appeals found "more persuasive the federal decisions like *Farr & Co. v. Cia. Intercontinental De Navegacion,* 243 F2d 342 (2nd Cir. 1957) and *Continental Grain Co. v. Dant & Russell, Inc.,* 118 F2d 967 (9th Cir. 1941)," saying that those decisions were "based on statutes somewhat similar to Oregon's." (49 Or App at 1011).

It is true that Section 4 of the United States Arbitration Act (9 USC § 4) is similar to ORS 33.230 in its provisions authorizing a party to an arbitration agreement to petition a court for an order directing the parties to proceed to arbitration. The federal act, however, does not

include provisions such as ORS 33.310, 33.320 and 33.340, which provide that judgments "shall be entered" on arbitration awards after the filing of such awards with the county clerk and opportunity for "exceptions" to such awards, including exceptions contending that "the arbitrators exceeded their powers," and that appeals may be taken from such judgments "to the higher courts in the manner provided by law for taking appeals to such courts."[6]

Instead, Section 9 of the United States Arbitration Act provides for the entry of judgment on an arbitration award only "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award * * *." In *Continental Grain* the critical importance of this provision upon the question whether an order under Section 4 of the United States Arbitration Act directing the parties to proceed with arbitration is an appealable order was noted as follows:

> "In the absence of such an agreement the award cannot be summarily entered as a judgment of the court. *Lehigh Structural Steel Co. v. Rust Engineering Co.*, 61 App.D.C.

---

[6] ORS 33.310 provides:

"The award of the arbitrators, together with the written agreement to submit, shall be delivered to the county clerk of the county in which is located the court of record selected to render judgment on the award. The clerk shall enter the same of record in his office. A copy of the award, signed by the arbitrators, or a majority of them, shall also be served upon or delivered to each of the parties interested in the award, and proof of such service or delivery shall be filed with the clerk. If no exceptions are filed against the same within 20 days after such service, judgment shall be entered as upon the verdict of a jury, and execution may issue thereon, and the same proceedings may be had upon the award with like effect as upon a verdict in a civil action."

ORS 33.320 provides:

"Within the period specified in ORS 33.310, the party against whom an award was made may except in writing thereto for any of the following causes:

"* * * * *

"(4) The arbitrators exceeded their powers, * * *."

ORS 33.340 provides:

"Whenever no objection is made to the entering of judgment after award, judgment shall be entered according to the award and shall have the force and effect of a judgment obtained in a court of record after default, but whenever any judgment is entered after objection on the part of any party by the order of such court, such judgment shall be subject to appeal to the higher courts in the manner provided by law for taking appeals to such courts. * * *"

224, 59 F.2d 1038; 9 U.S.C.A. § 9. It follows that the order appealed from is a final order of the court and that this court has jurisdiction of the appeal." (118 F2d at 968).[7]

Most courts in states which have adopted the Uniform Arbitration Act hold that orders directing the parties to proceed with arbitration are not appealable orders. Although that conclusion by those courts is based primarily upon provisions of that statute, the policy considerations supporting that conclusion are also emphasized by those courts.

One of the leading cases in this line of cases is *Maietta v. Greenfield,* 267 Md 287, 297 A2d 244 (1972). The Uniform Arbitration Act, as adopted in Maryland, included a section which specified those orders from which an appeal may be taken, including orders *denying* an application to compel arbitration, but not orders *allowing* such an application. The court, after reviewing decisions by other courts in states with similar statutes, held that such orders are not appealable orders. In support of that conclusion the court quoted with approval (at 247) from *In re Laufman's Petition,* 215 Cal App 2d 87, 29 Cal Rptr 829 (1963), as follows:

---

[7] 9 USC § 9 provides that:

"If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. * * *"

Respondent (the Port) cites two additional federal cases: *Kraus Bros. Lumber Co. v. Louis Bossert & Sons,* 62 F2d 1004 (2nd Cir 1933), and *Gavlik Const. Company v. H.F. Campbell Company,* 526 F2d 777, 782 (3rd Cir 1975). The decision in *Kraus* that an order under 9 USC § 4 was an appealable order appeared to be based not only upon the conclusion that such an order is "the last deliberative action of the court," but upon the further conclusion that the disposition of the controversy by the arbitrators "is not, properly speaking reviewable by the court, in spite of possible disturbance under Sections 10 and 11." (62 F2d at 1005). As previously noted under ORS 33.310, 33.320 and 33.340, awards by arbitrators in Oregon may be attacked if they "exceed their powers," and judgments "shall be entered" on arbitration awards and are subject to review on appeal.

Similarly, the decision in *Gavlik* that an order under 9 USC § 4 is an appealable order appears to be based upon the conclusion by the court in that case that "[o]nce the parties are directed to arbitration, judicial involvement in the controversy for all practical purposes ends." (526 F2d at 782).

"* * * the fact that the Legislature saw fit to specify in one code section the different orders and judgment from which appeals may be taken clearly indicates, in our opinion, an intention to restrict the appeals in such proceeding to orders and judgment therein specified, and the obvious reason for not including among such appealable orders the one which directs the parties to proceed with the arbitration was that if at the very threshold of the proceeding the defaulting party could appeal and thereby indefinitely delay the matter of arbitration, the object of the law and the purpose of the written agreement of the parties would be entirely defeated."

To the same effect, *see, e.g.,Roeder v. Huish,* 105 Ariz 508, 467 P2d 902 (1970); *Johnson v. Village of Plymouth,* 281 Minn 232, 161 NW2d 306 (1968); *Clark County v. Empire Elec., Inc.,* 96 Nev 8, 604 P2d 352 (1980), and *Harris v. State Farm Mutual Automobile Ins. Co.,* 283 So 2d 147 (Fla App 1973).

The California courts have reached the same conclusion under an arbitration statute somewhat similar to the Uniform Arbitration Act and which lists various orders and judgments from which appeals may be taken, not including orders directing the parties to proceed with arbitration. *See, e.g., In re Laufman's Petition,* 215 Cal App 2d 87, 29 Cal Rptr 829 (1963), and *Wetsel v. Garibaldi,* 159 Cal App 2d 4, 323 P2d 524, 527 (1958). *See also Lesser Towers, Inc. v. Roscoe-Ajax Construction Co.,* 271 Cal App 2d 675, 692, 77 Cal Rptr 100, 111 (1969), in which the court held that:

"An order compelling arbitration is reviewable on an appeal from the judgment confirming an award (citing cases) and the code section 1294, 1294.2."

Some courts in states with arbitration statutes which do not list the various orders and judgments from which appeals may be taken have also considered the question whether an order directing the parties to proceed with arbitration is an appealable order. In *All-Rite Construction Co. v. Omey et ux,* 27 Wash 2d 898, 181 P2d 636 (1947), the Washington court considered an appeal from an order directing the parties to proceed with arbitration under an arbitration statute quite similar to ORS 33.210 et seq in that it included a provision that an appeal may be

taken from "any final order" or from a judgment entered upon an award "* * * as from an order or judgment in any civil action."

Based upon that statutory provision, which is somewhat different from ORS 33.340, the Washington court held:

"It is apparent that the legislature specifically provided that the appeal should be the same as provided for in Rem. Rev. Stat. § 1716, and an appeal cannot be taken from an order to proceed with arbitration."

It appears that § 1716 is a general statute providing that any party aggrieved may appeal to the Supreme Court from the final judgment entered in any action or proceeding.

In *Teufel Const. Co. v. American Arbitration Ass'n.*, 3 Wash App 24, 472 P2d 572 (1970), the Washington Court of Appeals again held that an order compelling arbitration is "not final and therefore is not appealable," citing *All-Rite* and going on (at page 573) to hold that:

"At the proper time, appellants will have full opportunity to present for review any judgment upon an award entered against them in the superior court since such a judgment is the same as in any civil action. RCW 7.04.220."

The court then quoted provisions of the Washington "rules" permitting appeals from "final judgments" and from orders "affecting substantial rights," and held at page 574:

"On appeal, appellants may challenge the jurisdiction of the trial court to entertain the arbitration proceedings for lack of a binding arbitration agreement or because the disputes are not arbitrable under the agreement."[8]

To the same effect, although under somewhat different statutory provisions, the Wisconsin court in *Teamsters Union Local No. 695 v. County of Waukesha*, 57 Wis 2d 62, 203 NW 2d 707 (1973), held that an order directing parties to proceed to arbitration was not an appealable

---

[8] Respondent contends that this decision by the Washington Court of Appeals was later distinguished by that court in *Brummett v. Grange Insurance Association*, 4 Wash App 114, 479 P2d 147 (1971). *Brummett*, however, did not overrule *Teufel*.

order because the Wisconsin arbitration statute included a provision that:

> "An appeal may be taken from an order confirming, modifying, correcting or vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action."

The court held (at 710) that:

> "An order or judgment that does no more than direct the parties to proceed with arbitration of a grievance, as provided in a collective-bargaining agreement between them, does not fall within the type of order or judgment listed. The order here did not confirm, modify, correct or vacate an arbitration award. Nor could it be a judgment entered upon an award, for no award had been made."

Some other courts, under still different statutory provisions, have held to the contrary. *See, e.g., Dewart v. Northeastern Gas Transmission Co.,* 139 Conn 512, 95 A2d 381 (1953); *In re Wilaka Construction Co.,* 17 NY 2d 195, 269 NYS 2d 697, 216 NE 2d 696 (1966) (citing previous New York cases to the same effect); *Cajun Electric Power Coop, Inc. v. Louisiana Power & Light Co.,* 334 So 2d 554 (La App 1976), and *Machine Products Co. v. Prairie Local Lodge No. 1538,* 230 Miss 809, 94 So 2d 344, 95 So 2d 763 (1957).[9]

3. *An Order Directing Arbitration Under ORS 33.230 is not an Appealable Order.*

■ Upon consideration of the conflicting contentions and interests involved in this case, we believe that the intended purpose of the Oregon arbitration statute and the public policy upon which it was based is best served by holding that just as an abatement or "stay" order under ORS 33.240 is not an appealable order, so also an order under ORS 33.230 directing the parties to proceed with arbitration is not an appealable order.

---

[9] We have also examined texts and law review articles on this subject but find them to be of little assistance. See Sturges, Commercial Arbitrations and Awards, § 423 et seq (1930); Domke on Commercial Arbitration, § 18.06 (1968); Mathy, The Appealability of District Court Orders Staying Court Proceedings Pending Arbitration, 63 Marq. L. Rev. 31, 60 (1979); Pirsig, Some Comments on Arbitration Legislation and the Uniform Act, 10 Vand. L. Rev. 685, 692 (1957); Block, Labor Arbitration's Cross-road Revisited: The Role of the Arbitrator and the Response of the Courts, 47 U. Conn. L. Rev. 363 (1978); Note, 66 Y.L.J. 293 (1956); Comment, 52 Tulane L. Rev. 862 (1978); Comment, 23 UCLA L. Rev. 936 (1976).

We recognize, as held by the Wisconsin court in *Teamsters Union Local No. 695 v. County of Waukesha, supra,* at 711:

> "The public policy determination of whether trial court orders directing parties to proceed with arbitration under a bargaining agreement are appealable is for the legislature to determine. If it sees wisdom in permitting such appeals, it has only to add orders compelling arbitration to the list of those made appealable. Unless or until it does, we hold that under sec. 298.25, Stats., orders compelling submission of a grievance to arbitration under a bargaining agreement so providing are not appealable."

We might well hold otherwise but for the further provisions of the Oregon arbitration statute that before a judgment is entered on an arbitration award an "exception" can be taken that the arbitrators have "exceeded their powers" (ORS 33.310 and 33.320) and that "such judgment shall be subject to appeal to the higher courts in the manner provided by law for taking appeals to such courts." (ORS 33.340).

■   We hold, as did the Washington court in *Teufel Const. Co. v. American Arbitration Ass'n., supra,* although under somewhat different statutory provisions, that on such an appeal the appellant may challenge the correctness of the decision by the trial court. To hold otherwise would be inconsistent with our holding in *Jackson v. Penny Duquette Knits, supra,* at 468-69, in which we said that the arbitration statute provides for "judicial review of the arbitration award if it is contested" and that review of an order of abatement under ORS 33.340 "must await the appeal authorized by ORS 33.340."

We need not in this case decide the further question whether, upon proceeding to arbitration, respondent must again raise before the arbitrator the contentions alleged in its affirmative defenses or the additional question of the scope of review in the event of an appeal from the arbitration award.

Although respondent Port does not, in its "response to petition for review," cite or rely upon the provisions of the general appeal statute, ORS Chapter 19, the decision by the Court of Appeals in this case was based in part upon its

holding that the order by the trial court directing the parties to proceed with arbitration was a "final judgment or decree within the meaning of ORS 19.010(1) and as such is appealable." (49 Or App at 1008).

ORS 19.010(2) defines an appealable judgment or decree to include:

"(a)   An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."

ORS 19.010 also provides that:

"(4)   An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

■       As we view it, proceedings under the Oregon arbitration statute are not only "special proceedings," but that statute is a self-contained statute with its own separate provisions for appeals which, under the terms of ORS 33.330, are limited to appeals from the judgment entered on an arbitration award. It follows, in our opinion, that the procedure provided by ORS 33.240 for the entry of an order directing the parties to proceed with arbitration is a procedure which is ancillary to that "special proceeding" as provided under ORS 33.210 et seq.[10] It also follows, in our opinion, that such an order is not one which "determines the action or suit so as to prevent a judgment or decree therein" within the meaning of ORS 19.010(2)(a). ORS 33.340 provides that a judgment entered on an arbitration award is an appealable order. The manner in which such an appeal is to be taken is governed by ORS 19.010(4).

For these reasons, the decision by the Court of Appeals denying petitioner's motion to dismiss respondent's appeal in this case is reversed and this case is remanded to that court with instructions to dismiss that appeal.

Reversed and remanded.

---

[10] An ancillary proceeding is "one subordinate to or in aid of another primary action." Black's Law Dictionary (4th ed 1957).

**DENECKE, C. J.**, specially concurring.

I specially concur to state my reason for joining in the decision of the court that the order directing the parties to proceed to arbitrate is not an appealable order.

In my opinion the applicable statutes do not guide us in determining whether the order should be appealable.

The defense of the Port to the petition to compel arbitration was that the controversy was no longer subject to arbitration. If the Port is dissatisfied with the award of the arbitrator and the judgment entered according to the award, the Port may appeal. In the appeal, the Port may raise the issue that the controversy was not subject to arbitration.

The question we have is whether that issue should be decided now before arbitration. In the absence of statutory direction, the answer must be based upon policy considerations. If we took the issue before arbitration and decided that the Port was correct, a useless arbitration proceeding would be avoided. If we permit the arbitration to proceed, the Port might not be so dissatisfied with the award that they would appeal and an appellate court would never have to hear and decide the issue.

This same policy issue arises in other contexts. When a motion to quash service on the ground that no personal jurisdiction has been obtained is denied, we frequently issue an alternative writ of mandamus, a form of interlocutory appeal, to decide whether the motion was well taken. In so doing we have decided that as a policy matter it is better to decide whether there is personal jurisdiction before the parties go through a trial which may be for naught if the plaintiff prevails, the defendant appeals, and we ultimately decide that the service should have been quashed. *State ex rel Ware v. Hieber*, 276 Or 124, 515 P2d 721 (1973).

On the other hand, when the trial court has refused to allow a motion for pretrial discovery and the losing party has petitioned us to review that ruling by requesting a writ of mandamus, we have generally refused to hear that issue. We have determined that in the ordinary case of this kind the better policy is to let the trial proceed and if the party

moving for discovery loses and appeals, we can then decide the issue. This position is taken despite the knowledge that this course may vitiate the trial.

In this case, the parties had agreed at the beginning of their contractual relationship that arbitration was a preferable method of settling any differences that might arise. This choice probably was made in the belief that arbitration was faster, less expensive, and perhaps more apt to reach a satisfactory result than a court proceeding. The first two considerations would be obviated if a court appeal would be necessary to determine if arbitration can commence. In my opinion, the better policy is for the appellate court to withhold passing on the arbitrability of the controversy until and unless the Port appeals from the judgment entered upon the award.