Argued and submitted October 12, reversed and remanded
with instructions December 10, 1979

# BUDGET RENT-A-CAR OF WASHINGTON-OREGON, INC.,
## *Respondent,*
## *v.*
# TODD INVESTMENT CO.,
## *Appellant.*

## (No. A7702-02191, CA 12805)

603 P2d 1199

William R. Miller, Jr., Portland, argued the cause for appellant. With him on the briefs were Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

David R. Trachtenberg, Portland, argued the cause for respondent. With him on the brief were John Spencer Stewart and Kobin & Meyer, Portland.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

Defendant in this contract action admits liability for the payment of fair market value for certain leasehold improvements and personal property conveyed to it when it assumed plaintiff's leasehold. However, defendant appeals the judgment for plaintiff on the ground that the parties' limited arbitration agreement requires an appraiser, and not the court, to determine fair market value of the items in question.

Defendant assigns as error:

1. That the trial court erred by refusing to stay this action under Oregon's arbitration statute, ORS 33.240, pending valuation by an appraiser.

2. That the trial court erred by striking defendant's affirmative defense that submission of the valuation dispute to an appraiser was a condition precedent to plaintiff's suit on the agreement.

Plaintiff moved to dismiss the appeal as untimely. We reverse and remand.

Plaintiff asserts that defendant did not timely appeal from the trial court's order denying a stay and striking defendant's affirmative defense of failure to perform a condition precedent. ORS 19.026(1) requires notice of appeal to be filed within 30 days after entry of judgment. A judgment includes "an order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein." ORS 19.010(2)(a). The trial court's orders, which precluded appraisal and not judicial action, did not prevent entry of a judgment. Judgment for plaintiff was docketed November 9, 1978. Defendant's notice of appeal was served and filed December 7, 1978, within the 30-day period.[1]

The essential facts are not in dispute. Plaintiff and defendant are both incorporated automobile rental

---

[1] We note that even an order staying judicial action and requiring arbitration—the reverse of the situation here—is not appealable because it "does not determine the action so as to prevent a judgment therein." *Jackson v. Penny Duquette Knits,* 276 Or 465, 468, 555 P2d 201 (1976).

[521]

agencies. They each signed an agreement known as the Port of Portland Bid Proposal, and as a result of placing the higher bid, defendant assumed plaintiff's leasehold. The bid proposal requires an assuming lessee to purchase from the former lessee all "nonremovable capital items or capital items unique to an airport rental car operation," and to pay fair market value therefor. A dispute arose between plaintiff and defendant concerning the fair market value of several capital items. Defendant paid $7,000 to plaintiff, who thereafter filed this action seeking an additional $11,350.

Defendant relies on the following language in the Bid Proposal:

" * * * If the buyer and seller cannot settle on fair market value, each party shall appoint an impartial appraiser. These appraisers shall appoint a third appraiser, acceptable to the Port, who will determine such value. The cost of appraisals shall be deducted from the final purchase price and paid to the appraisers. * * *

" * * * * * *

"The proposer, by signing the affidavit, agrees that he has read, understood and will comply with the aforementioned instructions."

At common law, agreements for arbitration and those for appraisal were distinct entities subject to differing treatment. General arbitration agreements, which conferred upon an arbitrator the power to determine ultimate liability and to resolve all disputed issues between the parties, were originally held void and unenforceable because they deprived the courts of jurisdiction over the controversy. *See Shepard & Morse Lbr. Co. v. Collins, 198 Or 290, 256 P2d 500 (1953) (Shepard & Morse).* Arbitration laws, however, abrogated that common law rule and announced the modern policy favoring arbitration as a means of dispute resolution. *See, e.g.,* Oregon Laws 1925, ch 186.

On the other hand, appraisal agreements[2] never encountered hostility at common law, because they required only the submission of isolated issues to an appraiser, and did not attempt to usurp the judiciary's power to resolve the case as a whole. *Shepard & Morse;* Am Jur 2d 520, Arbitration and Award § 3. Appraisal agreements, then, are typically limited to ministerial determinations such as the ascertainment of quality or quantity of items, the ascertainment of loss or damage to property, or the ascertainment of the value of property. *Shepard & Morse;* 5 Am Jur 2d 520, Arbitration and Award § 3. At common law, a contractual provision requiring appraisal in the event of a valuation dispute was valid, and compliance with the terms of such a provision could be a condition precedent to suit upon the agreement. *Shepard & Morse,* 198 Or at 297-98, 300 (discussing *Halvorson v. Blue Mt. Prune Growers Co-op,* 188 Or 661, 214 P2d 986, 217 P2d 254 (1950); *Anderson v. Hartford Acc. & In. Co.,* 152 Or 505, 53 P2d 710, 54 P2d 1212 (1936); *Ball v. Doud,* 26 Or 14, 37 P 70 (1894)).

The distinction between an agreement for arbitration and one for appraisal is not always clear. Generally, however, appraisers act independently and apply their own skill and knowledge in reaching their conclusions. Arbitrators, on the other hand, must meet together at all hearings, take evidence, adjudge matters based only on what is presented to them in the course of adversary proceedings, determine ultimate liability, and otherwise act quasi-judicially. *Shepard & Morse,* 198 Or at 296, 305. The agreement in this case fixes liability on the assuming lessee, and calls for the appraisal of property transferred if the parties cannot agree as to its value. Only questions of fair market value are to be submitted to an appraiser. Thus, the relevant provision calls for appraisal, and not arbitration. *Shepard & Morse,* 198 Or at 296-97,

[2] In Oregon, appraisal agreements are also referred to as limited arbitration agreements. *Rueda v. Union Pacific Railroad Co.,* 180 Or 133, 175 P2d 778 (1946).

305; *Rueda v. Union Pacific Railroad Co.,* 180 Or 133, 139, 175 P2d 778 (1946).

Our Supreme Court has noted that arbitration statutes do not apply to appraisal agreements. *Shepard & Morse,* 198 Or at 295, 302. In *Shepard & Morse,* the court took note of Professor Williston's opinion that the distinction between arbitration and appraisal agreements had outlived its usefulness, but went on to decide that it was solely the prerogative of the legislature to abolish this distinction and amend our arbitration statutes to apply equally to appraisal agreements.[3] 198 Or at 295, 302. Even assuming we believe that there is no longer reason in policy or law to distinguish between appraisal and arbitration agreements, it is not our place to amend Oregon's statutes to reflect such a view.[4] *See* ORS 174.010.

Since Oregon's arbitration laws do not apply to appraisal agreements, defendant's request for a stay under ORS 33.240 was properly denied.

Defendant's second claim is that under common law, performance of this appraisal provision is a condition precedent to suit on the parties' agreement. If an agreement expressly or by implication makes appraisal a condition precedent to action on a contract, failure to implement such appraisal constitutes a failure to perform a condition precedent. If such failure is pleaded and proved in defense, it bars an action on the contract. *Shepard & Morse,* 198 Or at 297-300. The question then is whether the Bid Proposal expressly or impliedly makes appraisal a condition precedent.

Oregon's policy is to construe general arbitration agreements broadly to enhance arbitrability of disputes. *Cf. Abbott v. Bob's U-Drive, et al,* 222 Or 147,

---

[3] In all respects material to this decision, the present arbitration statutes are identical to the statutes before the *Shepard & Morse* court. *Compare* OCLA 11-601 to 11-603 (1951) *with* ORS 33.210 to 33.340.

[4] New York and California, for example, have amended their arbitration statutes to include appraisal agreements. 1961 Cal. Stats. ch 461, § 2; 1941 NY Laws, ch 288, § 1.

53-55, 352 P2d 598, 81 ALR2d 793 (arbitration statutes liberally construed); *Corvallis Sch. Dist. v. Corvallis Education Assn.,* 35 Or App 531, 535, 581 P2d 72 (1978) (arbitration clauses to be interpreted in manner which favors coverage of the dispute). There is no logical reason for us to construe limited arbitration—*i.e.,* appraisal—agreements less broadly than general arbitration agreements.

The parties were instructed by the Bid Proposal that an impartial appraiser would determine the fair market value of disputed items. The final sentence of the Proposal states that "[t]he proposer, by signing the affidavit, agrees that he has read, understood, and *will comply* with the aforementioned instructions." (Emphasis added.) The meaning of the appraisal provision is plain, and the intent of the parties to avoid the burdens of litigation by submitting valuation disputes to an experienced appraiser is clear. Thus, a reading of the contract as a whole reveals that appraisal was made a condition precedent to action on the contract. It follows that the trial court erred by striking defendant's affirmative defense of failure to perform a condition precedent.

Reversed and remanded with instructions.