Argued and submitted April 13, 1981, affirmed April 5,
reconsideration denied May 13,
petition for review denied June 9, 1982 (293 Or 235)

HOLMES, dba SUNRISE HOMES,
*Appellant,*

*v.*

ANTHONY et ux,
*Respondents.*

(No. 80-4-100, CA 18065)

643 P2d 372

Frank M. Parisi, Portland, argued the cause for appellant. With him on the briefs were Edwin A. Harnden, Craig D. Bachman and Spears, Lubersky, Campbell & Bledsoe, Portland.

Sid Brockley, Oregon City, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff appeals from the dismissal of his suit for a declaratory judgment and other relief, on the ground that there was another action pending between the same parties for the same cause. ORCP 21 A.(3).

In September, 1976, plaintiff and defendant entered into a contract whereby plaintiff agreed to construct defendants' family residence. The contract included an arbitration clause covering certain types of disputes which might arise during construction. A dispute did arise, and on September 8, 1977, defendants petitioned the circuit court, pursuant to ORS 33.230, for an order compelling plaintiff to proceed to arbitration in accordance with the contract. A hearing was scheduled for September 26 but was cancelled, because the parties thought that they would be able to resolve the dispute through negotiations. They were unable to do so, however, and on March 14, 1978, defendants took a default order and decree compelling arbitration. Plaintiff was not notified of that order until defendants demanded, on March 26, 1980, that plaintiff comply with it by appointing an arbitrator and proceeding to arbitration.

On April 8, 1980, plaintiff initiated the present, separate litigation. Plaintiff's legal theories are somewhat unclear and overlapping, but essentially his complaint seeks (1) a declaration that the written contract which provides for arbitration is unenforceable, either because it does not represent the parties' actual agreement or because it should be rescinded or reformed; and (2) judgment for the reasonable value of the goods and services which plaintiff provided in the construction of defendants' residence. Following a hearing, the trial court granted defendants' motion to dismiss the complaint pursuant to ORCP 21 A.(3), which requires dismissal of a case if another action is pending between the same parties for the same cause.

There is no dispute that defendants filed the earlier proceeding and obtained an order compelling plaintiff to proceed with arbitration. Although that order was the culmination of that proceeding under ORS 33.230, the sole purpose of which was to compel arbitration, the order was not appealable because, apparently, the proceeding was not at an end until arbitration was complete and the award

filed and settled. *Peter Kiewit v. Port of Portland,* 291 Or
49, 628 P2d 720 (1981).[1] There is, therefore, another action
pending between the same parties.

Further, that action is "for the same cause" within
the meaning of ORCP 21 A.(3). The present action relates
to the same contract between the parties and seeks to
prevent enforcement of the arbitration provision on various
theories; the earlier proceeding successfully sought enforce-
ment of that provision. Most of the issues now raised by
plaintiff could have been raised in the 1977 proceedings.
ORS 33.230 provides, in relevant part:

> "A party aggrieved by the failure, neglect or refusal of
> another to perform under a contract or submission provid-
> ing for arbitration, described in ORS 33.220, shall petition
> the circuit court, or a judge thereof, for an order directing
> that the arbitration proceed in the manner provided for in
> the contract or submission. * * * The court or judge shall
> hear the parties, and if satisfied that the making of the
> contract or submission or the failure to comply therewith is
> not an issue, shall make an order directing the parties to
> proceed to arbitration in accordance with the terms of the
> contract or submission. If the making of the contract or
> submission or the default is an issue, the court or the judge
> shall proceed summarily to the trial thereof. * * *"

The statute goes on to provide that if such issues are raised,
either party may demand a jury trial on those issues.[2]

---

[1] The Supreme Court in *Peter Kiewit v. Port of Portland, supra,* did not
expressly state that a proceeding under ORS 33.230 continues as a pending case
after the order compelling arbitration is entered. However, that state of affairs is
implicit in the court's rationale leading to its holding that the order is not
appealable because it is not one which " 'determines the action or suit so as to
prevent a judgment or decree therein' within the meaning of ORS 19.010(2)(a)."
291 Or at 63. We assume that the court concluded that the arbitration award may
be filed in that special proceeding the same as it would be filed if an action for
breach of contract had been filed and abated by the defendants pursuant to ORS
33.240.

In any event, the order entered in the prior proceeding here specifically
provided that if either party failed to appoint an arbitrator within ten days, the
court would appoint one upon application. It seems clear that the court retained
jurisdiction at least for that purpose and, therefore, the action was pending at the
time this proceeding was commenced.

[2] The provisions of ORS 33.230 permitting certain issues to be raised and tried
to a jury, if demanded by either party, are to be compared with those of ORS
33.240, which provides:

Thus, plaintiff could have defended against the earlier petition on the ground that there was no enforceable contract providing for arbitration, either because the written contract did not represent the parties' actual agreement, or because the written contract was subject to rescission or reformation.[3] *See Jackson v. Penny Duquette Knits,* 276 Or 465, 467, 555 P2d 201 (1976).

■       The present action is nothing more than an attempt to obtain a new and different judicial determination of the precise question which was subsumed in the order entered in the earlier proceeding.[4] That plaintiff cannot do. *Waxwing Cedar Products v. Koennecke,* 278 Or 603, 610, 564 P2d 1061 (1977).

■       Plaintiff contends, however, that he should be permitted to re-litigate the question for two reasons. First, he argues that the *ex parte* order compelling arbitration was deficient, because the court could not have been "satisfied that the making of the contract * * * is not an issue," as required by ORS 33.230. It is, of course, true that that question was not actually litigated, but that is the nature of all default orders or decrees, and that fact alone does not invalidate the order. At the time of this litigation, the

---

"If any action, suit or proceeding is brought upon any issue arising out of an agreement which contains a provision for arbitration of the matter in controversy in such action, suit or proceeding, then, upon application, any judge of a circuit court, upon being satisfied that the issue is referable to arbitration, shall abate the action, suit or proceeding so that arbitration may be had in accordance with the terms of the agreement. The application shall be heard similarly to hearings on motions."

Apparently, even if a party to an ORS 33.230 proceeding raises an issue the statute permits to be raised, but is denied a jury trial, after timely demand, and is ordered to arbitrate, the order is not appealable under the holding in *Peter Kiewit v. Port of Portland, supra.* There, the defendant Port contended that it was not in default of the arbitration provision because it had already gone through arbitration with plaintiff. It may be that the trial court properly decided that question as a matter of law, but the court did not address that issue.

[3] We do not decide that the court in the ORS 33.230 proceeding could have rescinded or reformed the contract. However, if the defendant in that proceeding had contended that the written contract relied was not the contract of the parties and had produced sufficient evidence to support either of those remedies, it would appear inappropriate for the court to order arbitration, at least until those issues were properly resolved.

[4] Whether plaintiff is entitled to recover the reasonable value of goods and services provided in the construction of defendants' residence, and the amount thereof, is a question for the arbitrators to decide.

proper method to attack judgments or orders taken by default was a motion to set aside the judgment or order pursuant to former ORS 18.160.[5] Plaintiff's complaint here does not attack the default order; it seeks another and different determination on the merits.

■ ■   Second, plaintiff argues that defendants should be estopped from asserting the default order as a bar to this action, because defendants' failure to notify him of the order for over two years after it was taken effectively precluded plaintiff from filing a motion under ORS 18.160 to set it aside. Plaintiff misreads that statute. A party may seek relief from a judgment, decree, or order within one year *after he receives actual or constructive notice of it. Anderson v. Guenther,* 144 Or 446, 459-60, 22 P2d 339, 25 P2d 146 (1933).

Finally, plaintiff contends that the action should have been abated rather than dismissed, because ORS 33.240, *supra,* provides for abatement if, on application, the court determines that the issue in controversy arises out of an agreement which provides that such issue is referable to arbitration. The question of whether the parties must arbitrate their dispute under the contract involved in the present proceeding has already been determined in the pending ORS 33.230 proceeding. The only question, in addition to whether the written contract signed by the parties is, in fact, their contract, is whether plaintiff is entitled to some money from defendant. That question is for the arbitrators to decide. There is, therefore, no reason to abate this proceeding, even if ORS 33.240 is applicable when there is an outstanding order compelling arbitration in a pending action between the same parties on the same cause.[6]

---

[5] Former ORS 18.160 provided:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

That statute has been repealed, Or Laws 1981, ch 898, § 53, and the analogous provision is now found in ORCP 71 B.(1).

[6] There appears to be a conflict between the concept that an ORS 33.230 proceeding is not terminated by the issuance of an order compelling arbitration,

The trial court properly dismissed the proceeding under ORCP 21 A.(3).

Affirmed.

---

*Peter Kiewit v. Port of Portland, supra,* and the valid concern of the court in *Jackson v. Penny Duquette Knits,* 276 Or 465, 555 P2d 201 (1976), that a plaintiff suing on a contract requiring arbitration, and who perfects a valid attachment lien, is entitled to keep his action pending, although stayed, and his lien viable pending the outcome of arbitration. If we understand the court's holding in *Peter Kiewit* correctly, if one party obtains a prior ORS 33.230 order, a subsequent action on that contract would be subject to dismissal under ORCP 21 A.(3), even though the plaintiff has perfected an attachment lien. Here, we are not confronted with that question.