Argued and submitted March 20, 1981; resubmitted In Banc
September 8, affirmed in part, reversed in part, and remanded
with instructions October 13, 1982

# UNION COUNTY SCHOOL DISTRICT NO. 1,
### *Respondent,*

*v.*

# VALLEY INLAND PACIFIC
# CONSTRUCTORS, INC.,
### *Appellant.*

(25274; CA 16611)

652 P2d 349

Elizabeth Yeats, Portland, argued the cause for appellant. With her on the briefs were Kobin & Meyer, and Daniel J. Seifer, Portland.

Jack L. Kennedy, Portland, argued the cause for respondent. With him on the brief were Kennedy, King & McClurg, and Allen L. Reel, Portland, and Helm & Valentine and Carl G. Helm, LaGrande.

BUTTLER, J.

Richardson, J., dissenting.

## BUTTLER, J.

In this declaratory judgment proceeding, plaintiff seeks a declaration that it is not required to comply with defendant's demand to arbitrate certain disputes under their contract, and an injunction prohibiting defendant from pursuing its demand for arbitration. Defendant appeals from a decree granting plaintiff the relief it sought.

Plaintiff and defendant entered into a contract on October 17, 1974, whereby defendant agreed to construct a school building in La Grande. The contract provided that all claims and disputes arising out of the contract, with certain limitations, were to be decided by arbitration in accordance with the rules of the American Arbitration Association. On September 18, 1975, during construction of the school, part of the structure collapsed, causing death to one worker, injury to four others, and a delay in the project. Actions were brought against defendant and its subcontractors for the death and personal injuries; those claims were settled between October, 1977, and May, 1978. No claims were made against plaintiff, and it was not a party to any of the settlements.

Thereafter, defendant completed construction of the building, and it was accepted by plaintiff in August, 1976. All monies due defendant from plaintiff were paid at or about that time, except for a retainage of $4,601.64, which was not paid until after defendant demanded arbitration in November, 1978.

In seeking arbitration, defendant claimed that plaintiff breached the contract by the failure of plaintiff's architect to inspect the work properly and interpret correctly the requirements of the contract, which failures caused the collapse. It sought damages of $1,403,508.64 for delay and repair costs and indemnification for the death and personal injury settlements.

In January, 1979, plaintiff filed this action for declaratory and injunctive relief. A preliminary injunction was granted enjoining defendant from proceeding with its demand for arbitration, and, after various preliminary matters, the case was tried to the court on November 14, 1979.

The court granted plaintiff the relief it requested, including a permanent injunction, ruling that this dispute was not referable to arbitration for the following reasons: (1) the demand for arbitration was not made prior to "final payment" as required by the contract; (2) it was not the parties' intention at the time they entered the contract to arbitrate disputes of this type; (3) the demand was not timely made and is therefore barred by the statute of limitations, laches, and a contract provision requiring that an arbitration demand be made within a "reasonable time," and (4) defendant's claim is "frivolous and patently baseless," because the contract required defendant to indemnify plaintiff for the type of claims which defendant is here asserting.

Although defendant assigns 14 errors, we need only consider whether the court was correct in determining that arbitration was barred for any of the above four reasons. The underlying issue with respect to all of them is whether they should have been decided by the court or should be decided by the arbitrators. Defendant contends that, although this suit is one for declaratory relief, ORS 28.010 *et seq,* the court's inquiry is limited to those defenses to an order directing arbitration which it could have considered had the party seeking arbitration filed a petition to compel arbitration pursuant to ORS 33.230.[1] That statute, which was designed to insure expeditious enforcement of a demand for arbitration pursuant to contract, by its

---

[1] ORS 33.230 provides, in relevant part:

"A party aggrieved by the failure, neglect or refusal of another to perform under a contract or submission providing for arbitration, described in ORS 33.220, shall petition the circuit court, or a judge thereof, for an order directing that the arbitration proceed in the manner provided for in the contract or submission. * * * The court or judge shall hear the parties, and if satisfied that the making of the contract or submission or the failure to comply therewith is not an issue, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the contract or submission. If the making of the contract or submission or the default is an issue, the court or the judge shall proceed summarily to the trial thereof. If no jury trial is demanded by either party, the court or judge shall hear and determine such issue. * * * If the jury finds that no written contract providing for arbitration was made or submission entered into, as the case may be, or that there is no default, the proceeding shall be dismissed. If the jury finds that a written contract providing for arbitration was made or submission was entered into and there is a default in the performance thereof, the court or judge shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof."

terms permits a party resisting arbitration to raise only two issues: (1) that it is not in default, and (2) the contract or submission was not properly made.

■ We agree with defendant that a party who resists arbitration by seeking a judicial declaration that the dispute is not arbitrable may not expand the scope of the court's inquiry beyond that permitted by ORS 33.230. Under that statute the court determines only whether there is a contract (or submission) providing for arbitration and whether there is a default; it is contemplated that defenses to the claim, including its arbitrability, be decided by the arbitrator. Given that statutory scheme, a resisting party should not be allowed to circumvent it by taking the initiative to enjoin arbitration. The narrow statutory inquiry effectuates the parties' presumed desire for a fast, informal, and inexpensive means of resolving their disputes. *See Peter Kiewit v. Port of Portland,* 291 Or 49, 65, 628 P2d 720 (1981) (Denecke, C. J., concurring).

■ Although it is not clear what defenses may be considered in a proceeding under ORS 33.230, the statute permits either party to demand a jury to determine whether there was a contract providing for arbitration and whether there is a default, which suggests that only factual questions with respect to those defenses be determined.[2] However, there are, undoubtedly, cases where the agreement to arbitrate is specifically limited to certain kinds of disputes and a court could conclude as a matter of law that there was no default in the agreement by the party refusing to arbitrate.[3] Generally, however, it is this state's policy to construe arbitration agreements liberally to enhance

---

[2] The Supreme Court has indicated that the defense of settlement of the underlying claim may be decided by the court in determining whether there is a default. *Transco Northwest v. Allied Equit.,* 275 Or 675, 552 P2d 824 (1976).

[3] That was apparently the case in *Peter Kiewit v. Port of Portland, supra;* the trial court, notwithstanding the Port's demand for jury trial on the issue of default, held as a matter of law that the dispute was arbitrable. In *Holmes v. Anthony,* 56 Or App 666, 643 P2d 372 (1982), we indicated that in a proceeding to compel arbitration the court, in determining whether there is an issue related to the making of the contract or whether there is a default, may consider contentions that the contract should be either rescinded or reformed in such a manner that the dispute is not arbitrable. It was unnecessary to decide there how the merits of those issues are to be resolved, but presumably they should be decided separate from, and prior to, the decision in the ORS 33.230 proceeding.

arbitrability of disputes, *Budget Rent-A-Car v. Todd Investment Co.,* 43 Or App 519, 524, 603 P2d 1199 (1979), and, at least under collective bargaining agreements, to refer the matter to arbitration unless the claim alleged is one which, on its face, is clearly and unambiguously excluded from arbitration. *Corvallis Sch. Dist. v. Corvallis Education Assn.,* 35 Or App 531, 535, 581 P2d 972 (1978).[4]

The narrow inquiry in the judicial proceeding is consistent with the parties' expressed intent to arbitrate disputes, especially when defenses to arbitration intertwine with the merits of the dispute, requiring the parties to present the same evidence twice in the event the court rules in favor of arbitrability. *Wiley & Sons v. Livingston,* 376 US 543, 558, 84 S Ct 909, 11 L Ed 2d 898 (1964). In *Peter Kiewit v. Port of Portland, supra,* the court treated the arbitration statutes (ORS 33.210 *et seq)* as a whole, whether the question of arbitrability is raised under ORS 33.240 for abatement of a pending lawsuit to abide arbitration or whether it is raised in the independent proceeding provided by ORS 33.230. In *Transco Northwest v. Allied Equit.,* 275 Or 675, 678, 552 P2d 824 (1976), n 2, *supra,* the question arose under ORS 33.240 for abatement, and we think that it is consistent with *Transco* to limit, in general, the court's inquiry to those matters which, like settlement, require a minimal factual inquiry, and would be a complete bar to arbitration, and which the court or jury may decide without delving into the merits of the dispute itself.

With those limitations in mind, we consider the four grounds asserted by plaintiff as bars to arbitration, the first of which is that the demand for arbitration was not

---

[4] In the *Corvallis Sch. Dist.* case, we recognized a distinction between arbitration clauses in collective bargaining agreements and those in commercial contracts. The latter are closely tied to contract law; the former are not. To treat them the same "* * * ignores the context of the collective bargaining relationship and is inconsistent with the policies embodied in the collective bargaining statutes. * * *" 35 Or App at 534-35. To state it differently, a collective bargaining agreement relates to an ongoing relationship and is more in the nature of a treaty; the purpose of the arbitration clause is to keep the peace by resolving the wide variety of disputes that may arise from time to time. That is not the case with commercial contracts, and there is no reason why the parties to such contracts may not limit the circumstances under which a dispute will be arbitrated. Preparation for commercial arbitration, and particularly under construction contracts, is generally much more complex, expensive and time consuming than is the submission of a dispute under a collective bargaining agreement.

made prior to "final payment." The arbitration clause provides:

> "All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Subparagraph 2.2.9 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

■ On its face, defendant's claim appears to be arbitrable under that clause. However, by its terms the clause provides that arbitration is not available for claims waived by making or accepting "final payment." Because the meaning of that term is unclear, the trial court determined, after hearing conflicting testimony, that "final payment" had been made when the $3,000,000 was paid in 1976. It was error for the court to decide that question, because the meaning of "final payment" is arbitrable as a dispute arising under the contract. The arbitrator, rather than the court, should decide whether "final payment" foreclosed arbitration of the merits.

■ As to plaintiff's second contention that arbitration is not required here because the parties did not intend that disputes of this type be arbitrable, the trial court admitted and considered testimony by plaintiff that, despite the clear language that "all claims, disputes and other matters in question arising out of, or relating to, this contract" are arbitrable, the parties did not intend to arbitrate this dispute. It was error to consider that evidence. The contract clause is unambiguous, and parol evidence is, therefore, inadmissible to contradict it. *Knox v. Hanson,* 242 Or 114, 120, 408 P2d 76 (1965). Plaintiff contends that, by reading the contract "within all four corners," giving the clause its plain meaning would contradict other contract provisions and, therefore, parol evidence is admissible to resolve the

conflict. In reading the entire contract, we find only that there are numerous other provisions which relate to specific types of disputes which might have arisen. The fact that, as plaintiff argues, none of those provisions deals with the "arbitration of tort claims or claims for personal injuries or property damage from such things as the collapse of the building" does not create an ambiguity. The most that can be said is that the parties did not anticipate a dispute of the type present here. Presumably it was to cover such unanticipated disputes that the arbitration clause was general and all-encompassing (with only specific stated exceptions), rather than expressed in terms of specifically enumerated types of disputes. The contract does not specifically exclude this dispute; its arbitrability is, therefore, arbitrable.

As to the third ground for barring arbitration, defendant contends that the court erred in ruling that its demand for arbitration was barred by a contract provision[5] requiring notice of a demand for arbitration to be filed within a "reasonable time" after the claim has arisen, but in no event after the claim would be barred by the applicable statute of limitations. Instead, defendant argues, those defenses are arbitrable.

■ We agree that whether the demand was made within a reasonable time should be decided by the arbitrators. Because the phrase "reasonable time" is a part of the contractual provision here, its meaning in a given case is a matter of contract interpretation and is, therefore, arbitrable. What is a reasonable time presumably will depend on all of the circumstances, including a showing of prejudice to the resisting party, which matters are inevitably intertwined with the merits and involve a weighing of the equities in the context of the particular case. At least one purpose for requiring arbitration is that the parties

---

[5] Subparagraph 7.10.2 of the contract provides:

"Notice of the demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. The demand for arbitration shall be made within the time limits specified in Subparagraphs 2.2.10 and 2.2.11 where applicable, and in all other cases within a reasonable time after the claim, dispute or other matter in question has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations."

thought that arbitrators would be more likely to reach an expeditious, satisfactory resolution of their disputes than would a court. *Peter Kiewit v. Port of Portland, supra,* 291 Or at 65. Having the arbitrators decide whether the claim was asserted within a reasonable time within the meaning of the contract avoids the possibility that evidence must be presented twice.

■ Whether a claim is barred by the applicable statute of limitations should be decided by the court where the agreement provides that arbitration may not be demanded after the statute has run on the claim, and where it is clear, as a matter of law, that the applicable statute has run.[6] Here, there is no dispute that the injury occurred September 18, 1975, when the building collapsed; that construction was completed and the building accepted in August, 1976; that the death and personal injury claims arising from the collapse were settled between October, 1977 and May, 1978, and that defendant demanded arbitration in November, 1978. Defendant's only stated reason for not demanding arbitration earlier is that it wanted to combine the claims in one proceeding.

■ With respect to defendant's claims for delay and repair costs, defendant relies on plaintiff's failure to perform as agreed under the contract; therefore, it is contended, the six year statute of limitations (ORS 12.080) applies. Plaintiff, on the other hand, contends that those claims are barred by ORS 12.135(1), which provides:

> "(1) An action to recover damages for injuries to a person or to property arising from another person having performed the construction, alteration or repair of any improvement to real property or the supervision or inspection thereof, or from such other person having furnished the design, planning, surveying, architectural or engineering services for such improvement, shall be commenced within two years from the date of such injury to the person or property; provided that such action shall be commenced

---

[6] To hold that the question whether the applicable statute of limitations is arbitrable under such a contract provision would be tantamount to saying that the parties to a commercial contract may not limit their agreement to arbitrate; once they agree to arbitrate, everything would be arbitrable, including the arbitrability of everything. Such a rule would discourage agreements to arbitrate.

within 10 years from substantial completion of such construction, alteration or repair of the improvement to real property."

Although that statute has been the source of confusion, it is clear from *Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 247, 611 P2d 1158 (1980), that it matters not whether the source of the claim is breach of contract or tort. The determinative factors are the nature of the injury (to person or to property) and its cause (arising from another person having performed the construction of any improvement to real property, or supervision or inspection thereof, or having furnished the design, architectural or engineering services therefor).

■   Here, the claim is for physical damage to the work and for financial losses incidental, but directly attributable, to that damage. The physical damage claim is clearly injury to property — the statute encompasses what is "commonly meant" by that term. *Securities-Intermountain v. Sunset Fuel, supra,* 289 Or at 251. Although the statute does not include financial losses incurred to complete or replace satisfactorily the work to be performed when there is no physical injury to existing tangible property, it does include such losses incidental to the physical injury to such property. *Securities-Intermountain* did not involve physical injury to property; the claim related to a faulty heating system. Accordingly, the court held that the financial loss incurred by redesigning the system and by delay in construction were not within the statute, but were covered by the six year statute of limitations for actions "upon a contract." ORS 12.080(1). The court said:

> "* * * These [damages] are characteristic financial injuries alleged to result from faulty performance of a business transaction. There is no allegation of any personal injury or injury to tangible property *occurring in the course of or in consequence of the faulty performance,* in the sense intended by ORS 12.135. *Accordingly,* that statute does not apply to this case. * * *" 289 Or at 251-52. (Emphasis supplied.)[7]

---

[7] Defendant relies on the following language from *Securities-Intermountain v. Sunset Fuel, supra,* appearing in the paragraph immediately preceding that in which the language quoted in the body of this opinion appears:

*See also, Beveridge v. King,* 292 Or 771, 643 P2d 332 (1982). The type of injury claimed is, therefore, within the ambit of ORS 12.135(1). So, also, is the cause of the injury: as claimed, it arose from the furnishing by plaintiff of the supervision or inspection of the work and the architectural services for the work. Accordingly, those claims are barred by ORS 12.135(1), and defendant's demand for its arbitration came too late.

■     We think it is clear, however, that defendant's claim for indemnity is not time-barred. Although the accident occurred on September 18, 1975, defendant did not make payment on the personal injury and death settlements until between October, 1977, and May, 1978. It is not necessary to decide which of the statutes of limitations applies, because the period did not begin to run until the underlying cases were settled, and the demand for arbitration was made within two years after the earliest date from which it could have commenced. *Owings v. Rose',* 262 Or 247, 263, 497 P2d 1183 (1972).[8] Accordingly, that claim is not barred.

■     Plaintiff's fourth ground for barring arbitration is that defendant's claim is "frivolous and patently baseless" in that the contract required defendant to maintain insurance for the protection of plaintiff against claims such as this one and to indemnify plaintiff for losses plaintiff might suffer due, in any part, to defendant's negligence. The trial court agreed. It is not for the courts to determine whether contract provisions unrelated to the arbitration clause

---

"We conclude that the phrase 'injuries to persons or property' was thought to encompass what is commonly meant by 'personal injuries,' i.e. bodily injuries including their psychic consequences, and physical damage to existing tangible property, but not financial losses such as a reduced value of the completed project due to the unsatisfactory performance of the work or the added cost of satisfactory completion or replacement. Actions to recover such financial losses remain within statutes of limitation other than ORS 12.135. [Footnote omitted.] With this perspective we turn to an examination of plaintiff's claims in this case." 289 Or at 251.

In the context of the opinion, it is clear that the court was discussing financial loss suffered where no physical damage to tangible property occurred.

[8] *Owings v. Rose', supra,* arose before enactment of ORS 12.135(1), and applied the six year statute of limitations.

itself bar the claim, and this defense does not relate to the scope of that clause, but to the merits of the claim. Moreover, we cannot say that the claim for indemnity is frivolous, given the language of ORS 30.140(1),[9] which defendant contends render the indemnity and insurance provisions unenforceable. Arbitrators are empowered to apply the law, *Brewer v. Allstate Insurance Co.*, 248 Or 558, 561, 436 P2d 547 (1968), and just as they must interpret the contract to determine whether plaintiff's architects breached their obligation to interpret drawings and to inspect, the arbitrators may interpret the indemnity and insurance provisions in the light of ORS 30.140(1) to determine whether the contract provisions bar recovery. The claim is arbitrable.

In sum, the trial court erred in not ordering arbitration of defendant's claim for indemnity.

Affirmed in part, reversed in part, and remanded with instructions to enter a judgment directing plaintiff to arbitrate defendant's claim for indemnity.

**RICHARDSON, J.,** dissenting.

The majority holds that the court properly enjoined arbitration of certain of defendant's claims under the contract. While I agree with the majority's disposition of three of the bases the trial court utilized in granting the injunction, I disagree with the disposition of the plaintiff's defense that the claims for arbitration were not timely. I would reverse and remand with instructions to compel plaintiff to submit to arbitration on all of defendant's claims. An order for the parties to arbitrate does not rule on the arbitrability of any claim. That is a decision the arbitrator is empowered to make.

---

[9] ORS 30.140 provides, in relevant part:

"(1) Any provision in a construction agreement which requires a person to indemnify another against liability for damage arising out of death or bodily injury to persons or damage to property caused or contributed to by the negligence of the indemnitee in the design or by the sole negligence of the indemnitee in the inspection of the work that is the subject of the construction agreement is enforceable only if the indemnitee secures or maintains insurance covering such risks for the protection of the indemnitor.

"(2) In no event shall the indemnification obligation under such provisions be greater than the limits of the insurance secured by the indemnitee."

The majority, while professing to abide by the policy of encouraging arbitration when parties agree to that method of dispute resolution, has now lent encouragement to recalcitrant parties. The court, rather than the arbitator, will become the initial determiner as to defenses to arbitration. The progression of this case aptly illustrates why the policy of facilitating agreements to arbitrate is important. The trial court enjoined arbitration of all claims made by defendant. This court requires certain of those claims to be arbitrated and upholds the injunction on the balance of the claims. Thus, the parties will have to go to arbitration and present the case anyway.

The majority correctly observes that the issues in a proceeding to enjoin arbitration may not exceed the scope of the inquiry permitted by ORS 33.230 under which a party may obtain an order compelling arbitration. In such a proceeding, the party resisting arbitration may defend on the ground that there has been no default in the agreement to arbitrate. I disagree, however, with the majority's interpretation of ORS 33.230 to the effect that a party may claim it is not in default by contending the claims are not arbitrable. While the majority says that the inquiry is narrow it draws the line so that courts have the power to rule on questions of law and questions involving limited factual inquiry respecting the arbitrability of a claim. That is not a very bright line. Almost any contract dispute will involve pure questions of law and questions of law involving limited factual inquiry. That is no basis for holding that a court rather than an arbitrator should decide them. An arbitrator has the authority to rule on questions of law, *Brewer v. Allstate Insurance Co.*, 248 Or 558, 436 P2d 547 (1968), and certainly may determine questions of fact, limited or otherwise, that bear on arbitrability.

There is no question that courts are equally competent to rule on such questions and there may be instances in which the agreement to arbitrate is specifically limited to certain types of disputes or claims and a court could conclude as a matter of law that arbitration is barred or that certain defenses obviouly have merit. It is tempting for courts to rule on arbitrability when the issue is presented and the conclusion appears obvious. However, the parties,

by agreeing to arbitrate, have selected that forum for dispute resolution. That forum is empowered to decide questions of arbitrability. To allow a court to determine preliminary questions of arbitrability turns a proceeding to compel or bar arbitration into a traditional contract action wherein the evidence and arguments may have to be presented twice in the event the court orders arbitration. That is inconsistent with the policy of the state to enhance the arbitrability of disputes. *See Budget Rent-A-Car v. Todd Investment Co.,* 43 Or App 519, 603 P2d 1199 (1979).

With these general propositions in mind, I approach the majority's discussion of each of the four bases the trial court used in enjoining arbitration.

The first is that the demand for arbitration was not made prior to "final payment" as provided in the arbitration clause of the contract. The simple answer is that whether the party seeking arbitration has complied with the specific procedure is one aspect of arbitrability the arbitrator is empowered to determine. It makes little sense, in the context of an express agreement to arbitrate all disputes arising under the contract, to bifurcate the inquiry and present procedural aspects of the claim to the court, leaving the arbitrator to decide the merits of claims not barred. I agree with the majority that this issue should have been left to the arbitrator.

Plaintiff's second contention is that arbitration is barred because the parties did not intend the claims submitted to be arbitrable. Again the simple answer is that what claims are arbitrable is a dispute under the contract the parties agreed to submit to arbitration. The majority, while appearing to arrive at the same conclusion, in effect rules on part of the defense. The trial court ruled that the contract was ambiguous and received evidence extrinsic to the contract language to determine the parties' intent. The majority finds that the contract clause in issue is not ambiguous and proceeds to interpret the language vis-a-vis the arbitrability of the defendant's claims and concludes arbitrability is not specifically excluded. It then holds that arbitrability on that issue is arbitrable. The majority erred in engaging in that analysis. It could be argued that the construction of the contract advanced by the majority is the

law of the case and that the arbitrator in deciding arbitrability must begin where the majority left off. If arbitrability under the terms of the contract is to be left to the arbitrator then that forum should be left free to completely analyze the issue and the contract language.

Plaintiff's third basis is that arbitration was barred by a contract provision requiring notice of a demand for arbitration to be filed within "a reasonable time" after the claim has arisen, but in no event after the claim would be barred by the applicable statute of limitation. Defendant argues these defenses are arbitrable.

The trial court did not rule that the claims were barred by being filed beyond a period equal to the applicable statute of limitations. Instead, regarding that defense, the court concluded

"* * * that at least part of the claims included in the demand for arbitration filed by VIPCO do not violate the statute of limitations. This would appear to be particularly true with respect to the claims for indemnification."

The court, however, held that all claims were barred because VIPCO had not given notice of its demand for arbitration within a reasonable time. I agree with the majority's analysis of the precise ruling of the court and the holding that whether the claim was filed within a reasonable time is arbitrable. I disagree with the conclusion that the issue of whether the claim is barred by the applicable statute of limitations is for the court.

The majority begins the analysis by stating:

"Whether a claim is barred by the applicable statute of limitations should be decided by the court where the agreement provides that arbitration may not be demanded after the statute of limitations has run on the claims, and where it is clear, as a matter of law, that the applicable statute has run.* * *" 59 Or App at 610.

I do not read this statement as saying that the arbitrator does not have the power to rule on a defense or a matter of law. The law does not prevent the arbitrator from deciding the issue and does not designate the court as the sole forum. The majority's selection of the court as the appropriate forum to rule on that defense is thus based on policy considerations.

The policy decision to allow the court to decide the issue of timely filing of a claim in arbitration defeats the often expressed policy to encourage arbitration when the parties have agreed to that forum for dispute resolution. The policy now adopted by the majority evinces some lack of confidence in the competence of the arbitration system. It is true the arbitrator may err in his ruling on a matter of law and the losing party may have a limited basis for challenging that ruling, *see* ORS 33.320,[1] but the fact an arbitrator's award is wrong and also relatively final is not a basis for allowing a recalcitrant party to bypass arbitration and seek a judicial ruling. The parties have agreed to arbitration as a dispute resolution mechanism with the implied knowledge that the arbitrator's decision on arbitrablity may be erroneous and immune from plenary attack in the judicial forum. Having agreed to arbitration, the parties cannot complain that it may not always suit their needs or may in some instances be cumbersome.

Plaintiff's defense based on a limitation period is a contractual, not a statutory defense. The arbitration clause of the contract adopts the relevant statutory limitation period for determining when a demand for arbitration must be made. Consequently, the question whether a demand was timely is one of the "claims, disputes and other matters in question arising out of or relating to" the contract. The parties agreed to arbitrate such claims or disputes. The question is not whether the claims are arbitrable, but whether, assuming they are the type which are arbitrable, the demand for arbitration was timely. That issue depends on an analysis of the contract and the claims to determine which limitation period is applicable. That should be left to the arbitrator.

Plaintiff's final basis for barring arbitration is that defendant's claims are "frivolous and patently baseless" because the contract required defendant to maintain insurance for the protection of plaintiff against claims and to indemnify losses plaintiff might incur. Clearly this is a defense to the merits of defendant's claims and should be decided by the arbitrator.

---

[1] *But see Peter Kiewit v. Port of Portland,* 291 Or 49, 628 P2d 720 (1981).

In summary, I conclude that defendant's claims all involve disputes under the contract which the parties agreed to arbitrate. Although courts have authority to compel or bar arbitration in appropriate proceedings, that authority should be sparingly utilized in order to further the policy of encouraging and facilitating arbitration. The majority takes a step backward in carving out a new and somewhat flexible area in which a court may rule on defenses to arbitration. It may be in a given case that a preliminary ruling will obviate the necessity of extensive preparation for arbitration that may ultimately prove unnecessary. However, in the long run, the basic value of arbitration will be defeated by allowing parties to resort to courts for preliminary procedural rulings on matters that an arbitrator is empowered to decide.

I dissent. Joseph, C. J., and Warren and Rossman, JJ., join in this dissent.